## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

HSM PORTFOLIO LLC AND
TECHNOLOGY PROPERTIES
LIMITED LLC,

      Plaintiffs,

v.

FUJITSU LIMITED,
FUJITSU AMERICA, INC.,
FUJITSU SEMICONDUCTOR
AMERICA, INC.,

ADVANCED MICRO DEVICES, INC.,

QUALCOMM INC.,

ELPIDA MEMORY, INC.,
ELPIDA MEMORY (USA) INC.,

HYNIX SEMICONDUCTOR INC.,
HYNIX SEMICONDUCTOR
AMERICA INC.,
HYNIX SEMICONDUCTOR
MANUFACTURING AMERICA INC.,

MARVELL TECHNOLOGY
GROUP LTD.,
MARVELL SEMICONDUCTOR, LTD.,

MICRON TECHNOLOGY, INC.,

NVIDIA CORPORATION,

FREESCALE
SEMICONDUCTOR, INC.,

PROMOS TECHNOLOGIES INC.,

SANDISK CORPORATION,

§ §§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§

CIVIL ACTION NO. _____

JURY TRIAL DEMANDED

| | |
|---|---|
| SONY CORPORATION, | § |
| SONY CORPORATION OF AMERICA, | § |
| SONY ELECTRONICS INC., | § |
| SONY COMPUTER | § |
| ENTERTAINMENT INC., | § |
| SONY COMPUTER | § |
| ENTERTAINMENT AMERICA LLC, | § |
| | § |
| STMICROELECTRONICS N.V., | § |
| STMICROELECTRONICS, INC., | § |
| | § |
| TOSHIBA CORPORATION, | § |
| TOSHIBA AMERICA, INC., | § |
| TOSHIBA AMERICA ELECTRONIC | § |
| COMPONENTS, INC., | § |
| | § |
| CIRRUS LOGIC, INC., | § |
| | § |
| ON SEMICONDUCTOR | § |
| CORPORATION, | § |
| | § |
| XILINX, INC., AND | § |
| | § |
| ZORAN CORPORATION, | § |
| | § |
| Defendants. | § |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs HSM Portfolio LLC and Technology Properties Limited LLC (collectively "Plaintiffs") by and through their undersigned counsel, file this Original Complaint against Defendants Fujitsu Limited, Fujitsu America, Inc., Fujitsu Semiconductor America, Inc. (collectively "Fujitsu"), Advanced Micro Devices, Inc. ("AMD"), Qualcomm Inc. ("Qualcomm"), Elpida Memory, Inc., Elpida Memory (USA) Inc. (collectively "Elpida"), Hynix Semiconductor Inc., Hynix Semiconductor America Inc., Hynix Semiconductor Manufacturing America Inc. (collectively "Hynix"), Marvell Technology Group Ltd., Marvell Semiconductor, Ltd. (collectively "Marvell"), Micron Technology, Inc. ("Micron"), Nvidia Corporation ("Nvidia"), Freescale Semiconductor, Inc. ("Freescale"), ProMOS Technologies Inc.

("ProMOS"), SanDisk Corporation ("SanDisk"), Sony Corporation, Sony Corporation of America, Sony Electronics Inc., Sony Computer Entertainment Inc., Sony Computer Entertainment America LLC (collectively "Sony"), STMicroelectronics N.V., STMicroelectronics, Inc., (collectively "STMicro"), Toshiba Corporation, Toshiba America, Inc., Toshiba America Electronic Components, Inc. (collectively "Toshiba"), Cirrus Logic, Inc. ("Cirrus"), ON Semiconductor Corporation ("ON"), Xilinx, Inc. ("Xilinx"), and Zoran Corporation ("Zoran") as follows:

## THE PARTIES

1.      HSM Portfolio LLC is a Delaware limited liability company with its principal place of business located at 20883 Stevens Creek Blvd., Suite 100, Cupertino, California 95014.

2.      Technology Properties Limited LLC is a California corporation with its principal place of business located at 20883 Stevens Creek Blvd., Suite 100,Cupertino, California 95014.

3.      Upon information and belief, Fujitsu Limited is a Japanese corporation that claims as its principal place of business, Shiodome City Center, 1-5-2, Higashi-Shimbashi, Minato-ku, Tokyo 105-7123 Japan. Upon information and belief, Fujitsu Limited may be served with process in Japan pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. Upon information and belief, Fujitsu Limited has conducted and regularly conducts business within this District, has purposefully availed itself of the privileges of conducting business in this District, and has sought protection and benefit from the laws of the State of Delaware by directing and/or controlling the actions of its subsidiary, Fujitsu America, Inc.

4.      Upon information and belief, Fujitsu America, Inc. is a California corporation that claims as its principal place of business, 1250 E. Arques Ave., Sunnyvale, California 94085.

Upon information and belief, Fujitsu America, Inc. may be served with process by serving its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Upon information and belief, Fujitsu America, Inc. is a subsidiary of Fujitsu Limited. Upon information and belief, Fujitsu America, Inc. has conducted and regularly conducts business within this District, has purposefully availed itself of the privileges of conducting business in this District, and has sought protection and benefit from the laws of the State of Delaware by directing and/or controlling the actions of its subsidiary, Fujitsu Semiconductor America, Inc.

5.     Upon information and belief, Fujitsu Semiconductor America, Inc. is a California corporation that claims as its principal place of business, 1250 E. Arques Ave., Sunnyvale, California 94085. Upon information and belief, Fujitsu Semiconductor America, Inc. may be served with process by serving its agent for service of process, Michael M. Moore, at 1250 E. Arques Ave., Sunnyvale, California 94085. Upon information and belief, Fujitsu Semiconductor America, Inc. is a subsidiary of Fujitsu America, Inc. Upon information and belief, Fujitsu Semiconductor America, Inc. has conducted and regularly conducts business within this District, has purposefully availed itself of the privileges of conducting business in this District, and has sought protection and benefit from the laws of the State of Delaware.

6.     Upon information and belief, Advanced Micro Devices, Inc. is incorporated under the laws of the State of Delaware, has conducted and regularly conducts business within this District, has purposefully availed itself of the privileges of conducting business in this District, and has sought protection and benefit from the laws of the State of Delaware. Upon information and belief, Advanced Micro Devices, Inc. claims as its principal place of business, One AMD Place, Sunnyvale, California 94088. Upon information and belief, Advanced Micro Devices, Inc.

may be served with process by serving its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

7.      Upon information and belief, Qualcomm Inc. is incorporated under the laws of the State of Delaware, has conducted and regularly conducts business within this District, has purposefully availed itself of the privileges of conducting business in this District, and has sought protection and benefit from the laws of the State of Delaware. Upon information and belief, Qualcomm Inc. claims as its principal place of business, 5775 Morehouse Dr., San Diego, California 92121. Upon information and belief, Qualcomm Inc. may be served with process by serving its registered agent, The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

8.      Upon information and belief, Elpida Memory, Inc. is a Japanese corporation that claims as its principal place of business, Sumitomo Seimei Yaesu Bldg. 3F, 2-1 Yaesu 2-chome, Chuo-ku, Tokyo 104-0028 Japan. Upon information and belief, Elpida Memory, Inc. may be served with process in Japan pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. Upon information and belief, Elpida Memory, Inc. has conducted and regularly conducts business within this District, has purposefully availed itself of the privileges of conducting business in this District, and has sought protection and benefit from the laws of the State of Delaware by directing and/or controlling the actions of its subsidiary, Elpida Memory (USA) Inc.

9.      Upon information and belief, Elpida Memory (USA) Inc. is incorporated under the laws of the State of Delaware, has conducted and regularly conducts business within this District, has purposefully availed itself of the privileges of conducting business in this District, and has sought protection and benefit from the laws of the State of Delaware. Upon information

and belief, Elpida Memory (USA) Inc. claims as its principal place of business, 1175 Sonora Ct., Sunnyvale, California 94086. Upon information and belief, Elpida Memory (USA) Inc. may be served with process by serving its registered agent, National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904. Upon information and belief, Elpida Memory (USA) Inc. is a subsidiary of Elpida Memory, Inc.

10.     Upon information and belief, Hynix Semiconductor Inc. is a Korean corporation that claims as its principal place of business, San 136-1, Ami-ri, Bubal-eub, Icheon, Gyeonggi 467-860, South Korea. Upon information and belief, Hynix Semiconductor Inc. may be served at San 136-1, Ami-ri, Bubal-eub, Icheon, Gyeonggi 467-860, South Korea via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Upon information and belief, Hynix Semiconductor Inc. has conducted and regularly conducts business within this District, has purposefully availed itself of the privileges of conducting business in this District, and has sought protection and benefit from the laws of the State of Delaware by directing and/or controlling the actions of its subsidiary, Hynix Semiconductor America Inc.

11.     Upon information and belief, Hynix Semiconductor America Inc. is a California corporation that claims as its principal place of business, 3101 North First Street, San Jose, California 95134. Upon information and belief, Hynix Semiconductor America Inc. may be served with process by serving its agent for service of process, CSC-Lawyers Incorporating Service, 2730 Gateway Oaks Dr., Suite 100, Sacramento, California 95833. Upon information and belief, Hynix Semiconductor America Inc. is a subsidiary of Hynix Semiconductor Inc. Upon information and belief, Hynix Semiconductor America Inc. has conducted and regularly conducts business within this District, has purposefully availed itself of the privileges of

conducting business in this District, and has sought protection and benefit from the laws of the State of Delaware by directing and/or controlling the actions of its subsidiary, Hynix Semiconductor Manufacturing America Inc.

12.     Upon information and belief, Hynix Semiconductor Manufacturing America Inc. is a California corporation that claims as its principal place of business, 3101 North First Street, San Jose, California 95134. Upon information and belief, Hynix Semiconductor Manufacturing America Inc. may be served by serving its agent for service of process, CSC-Lawyers Incorporating Service, 2730 Gateway Oaks Dr., Suite 100, Sacramento, California 95833. Upon information and belief, Hynix Semiconductor Manufacturing America Inc. is a subsidiary of Hynix Semiconductor America Inc. Upon information and belief, Hynix Semiconductor Manufacturing America Inc. has conducted and regularly conducts business within this District, has purposefully availed itself of the privileges of conducting business in this District, and has sought protection and benefit from the laws of the State of Delaware.

13.     Upon information and belief, Marvell Technology Group Ltd. is a Bermuda corporation that claims as its principal place of business, 22 Victoria Street, Hamilton HM 12, Bermuda. Upon information and belief, Marvell Technology Group Ltd. may be served with process in Bermuda pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. Upon information and belief, Marvell Technology Group Ltd. has conducted and regularly conducts business within this District, has purposefully availed itself of the privileges of conducting business in this District, and has sought protection and benefit from the laws of the State of Delaware by directing and/or controlling the actions of its subsidiary, Marvell Semiconductor, Ltd.

14.     Upon information and belief, Marvell Semiconductor, Ltd. is incorporated under the laws of the State of Delaware, has conducted and regularly conducts business within this District, has purposefully availed itself of the privileges of conducting business in this District, and has sought protection and benefit from the laws of the State of Delaware. Upon information and belief, Marvell Semiconductor, Inc. claims as its principal place of business, 5488 Marvell Lane, Santa Clara, California 95054. Upon information and belief, Marvell Semiconductor, Ltd. may be served with process by serving its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Upon information and belief, Marvell Semiconductor, Ltd. is a subsidiary of Marvell Technology Group Ltd.

15.     Upon information and belief, Micron Technology, Inc. is incorporated under the laws of the State of Delaware, has conducted and regularly conducts business within this District, has purposefully availed itself of the privileges of conducting business in this District, and has sought protection and benefit from the laws of the State of Delaware. Upon information and belief, Micron Technology, Inc. claims as its principal place of business, 8000 South Federal Way, Boise, Idaho 83716. Upon information and belief, Micron Technology, Inc. may be served with process by serving its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

16.     Upon information and belief, Nvidia Corporation is incorporated under the laws of the State of Delaware, has conducted and regularly conducts business within this District, has purposefully availed itself of the privileges of conducting business in this District, and has sought protection and benefit from the laws of the State of Delaware. Upon information and belief, Nvidia Corporation claims as its principal place of business, 82701 San Tomas Expressway, Santa Clara, California 95050. Upon information and belief, Nvidia Corporation

may be served with process by serving its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

17.     Upon information and belief, Freescale Semiconductor, Inc. is incorporated under the laws of the State of Delaware, has conducted and regularly conducts business within this District, has purposefully availed itself of the privileges of conducting business in this District, and has sought protection and benefit from the laws of the State of Delaware. Upon information and belief, Freescale Semiconductor, Inc. claims as its principal place of business, 6501 William Cannon Drive West, Austin, Texas 78735. Upon information and belief, Freescale Semiconductor, Inc. may be served with process by serving its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

18.     Upon information and belief, ProMOS Technologies Inc. is a Taiwanese corporation that claims as its principal place of business, No. 19, Li-Hsin Road, Hsinchu Science Park, Hsinchu, Taiwan 30078, R.O.C. Upon information and belief, ProMOS Technologies Inc. may be served with process in Taiwan pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. Upon information and belief, ProMOS Technologies Inc. has conducted and regularly conducts business within this District, has purposefully availed itself of the privileges of conducting business in this District, and has sought protection and benefit from the laws of the State of Delaware.

19.     Upon information and belief, SanDisk Corporation is incorporated under the laws of the State of Delaware, has conducted and regularly conducts business within this District, has purposefully availed itself of the privileges of conducting business in this District, and has sought protection and benefit from the laws of the State of Delaware. Upon information and belief, SanDisk Corporation claims as its principal place of business, 601 McCarthy Blvd.,

Milpitas, California 95035. Upon information and belief, SanDisk Corporation may be served with process by serving its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

20.    Upon information and belief, Sony Corporation is a Japanese corporation that claims as its principal place of business, 1-7-1 Konan, Minato-ku, Tokyo 108-0075, Japan. Upon information and belief, Sony Corporation may be served with process in Japan pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. Upon information and belief, Sony Corporation has conducted and regularly conducts business within this District, has purposefully availed itself of the privileges of conducting business in this District, and has sought protection and benefit from the laws of the State of Delaware by directing and/or controlling the actions of its subsidiaries, Sony Corporation of America and Sony Computer Entertainment Inc.

21.    Upon information and belief, Sony Corporation of America is a New York corporation that claims as its principal place of business, 550 Madison Ave., New York, New York 10022. Upon information and belief, Sony Corporation of America may be served with process by serving its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Upon information and belief, Sony Corporation of America is a subsidiary of Sony Corporation. Upon information and belief, Sony Corporation of America has conducted and regularly conducts business within this District, has purposefully availed itself of the privileges of conducting business in this District, and has sought protection and benefit from the laws of the State of Delaware by directing and/or controlling the actions of its subsidiary, Sony Electronics Inc.

22.     Upon information and belief, Sony Electronics Inc. is incorporated under the laws of the State of Delaware, has conducted and regularly conducts business within this District, has purposefully availed itself of the privileges of conducting business in this District, and has sought protection and benefit from the laws of the State of Delaware. Upon information and belief, Sony Electronics Inc. claims as its principal place of business, 16530 Via Esprillo, San Diego, California 92127. Upon information and belief, Sony Electronics Inc. may be served with process by serving its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. Upon information and belief, Sony Electronics Inc. is a subsidiary of Sony Corporation of America.

23.     Upon information and belief, Sony Computer Entertainment Inc. is a Japanese corporation that claims as its principal place of business, 1-7-1 Konan, Minato-ku, Tokyo 108-0075, Japan. Upon information and belief, Sony Computer Entertainment Inc. may be served with process in Japan pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. Upon information and belief, Sony Computer Entertainment Inc. is a subsidiary of Sony Corporation. Upon information and belief, Sony Computer Entertainment Inc. has conducted and regularly conducts business within this District, has purposefully availed itself of the privileges of conducting business in this District, and has sought protection and benefit from the laws of the State of Delaware by directing and/or controlling the actions of its subsidiary, Sony Computer Entertainment America LLC.

24.     Upon information and belief, Sony Computer Entertainment America LLC is incorporated under the laws of the State of Delaware, has conducted and regularly conducts business within this District, has purposefully availed itself of the privileges of conducting business in this District, and has sought protection and benefit from the laws of the State of

Delaware. Upon information and belief, Sony Computer Entertainment America LLC claims as its principal place of business, 919 E. Hillsdale Blvd., Foster City, California 94404-2112. Upon information and belief, Sony Computer Entertainment America LLC may be served with process by serving its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. Upon information and belief, Sony Computer Entertainment America LLC is a subsidiary of Sony Computer Entertainment Inc.

25.     Upon information and belief, STMicroelectronics N.V. is a Swiss corporation that claims as its principal place of business, 39, Chemin du Champ des Filles, Plan-Les-Outes, CH 1228, Geneva, Switzerland. Upon information and belief, STMicroelectronics N.V. may be served with process in Switzerland pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. Upon information and belief, STMicroelectronics N.V. has conducted and regularly conducts business within this District, has purposefully availed itself of the privileges of conducting business in this District, and has sought protection and benefit from the laws of the State of Delaware by directing and/or controlling the actions of its subsidiary, STMicroelectronics, Inc.

26.     Upon information and belief, STMicroelectronics, Inc. is incorporated under the laws of the State of Delaware, has conducted and regularly conducts business within this District, has purposefully availed itself of the privileges of conducting business in this District, and has sought protection and benefit from the laws of the State of Delaware. Upon information and belief, STMicroelectronics, Inc. claims as its principal place of business, 1310 Electronics Drive, Carrollton, Texas 75006. Upon information and belief, STMicroelectronics, Inc. may be served with process by serving its registered agent, The Corporation Trust Company, Corporation Trust

Center, 1209 Orange Street, Wilmington, Delaware 19801. Upon information STMicroelectronics, Inc. is a subsidiary of STMicroelectronics N.V.

27.     Upon information and belief, Toshiba Corporation is a Japanese corporation that claims as its principal place of business, 1-1, Shibuara 1-chome, Minato-ku, Tokyo 105-8001, Japan. Upon information and belief, Toshiba Corporation may be served with process in Japan pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. Upon information and belief, Toshiba Corporation has conducted and regularly conducts business within this District, has purposefully availed itself of the privileges of conducting business in this District, and has sought protection and benefit from the laws of the State of Delaware by directing and/or controlling the actions of its subsidiary, Toshiba America, Inc.

28.     Upon information and belief, Toshiba America, Inc. is incorporated under the laws of the State of Delaware, has conducted and regularly conducts business within this District, has purposefully availed itself of the privileges of conducting business in this District, and has sought protection and benefit from the laws of the State of Delaware. Upon information and belief, Toshiba America, Inc. claims as its principal place of business, 1251 Avenue of the Americas, Suite 4110, New York, New York 10020. Upon information and belief, Toshiba America, Inc. may be served with process by serving its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Upon information and belief, Toshiba America, Inc. is a subsidiary of Toshiba Corporation.

29.     Upon information and belief, Toshiba America Electronic Components, Inc. is a California corporation that claims as its principal place of business, 19900 MacArthur Blvd., Suite 400, Irvine, California 92612. Upon information and belief, Toshiba America Electronic

Components, Inc. may be served with process by serving its agent for service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Upon information and belief, Toshiba America Electronic Components, Inc. is a subsidiary of Toshiba America, Inc. Upon information and belief, Toshiba America Electronic Components, Inc. has conducted and regularly conducts business within this District, has purposefully availed itself of the privileges of conducting business in this District, and has sought protection and benefit from the laws of the State of Delaware by being directed and/or controlled by its parent, Toshiba America, Inc.

30.    Upon information and belief, Cirrus Logic, Inc. is incorporated under the laws of the State of Delaware, has conducted and regularly conducts business within this District, has purposefully availed itself of the privileges of conducting business in this District, and has sought protection and benefit from the laws of the State of Delaware. Upon information and belief, Cirrus Logic, Inc. claims as its principal place of business, 2901 Via Fortuna, Austin, Texas 78746. Upon information and belief, Cirrus Logic, Inc. may be served with process by serving its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

31.    Upon information and belief, ON Semiconductor Corporation is incorporated under the laws of the State of Delaware, has conducted and regularly conducts business within this District, has purposefully availed itself of the privileges of conducting business in this District, and has sought protection and benefit from the laws of the State of Delaware. Upon information and belief, ON Semiconductor claims as its principal place of business, 5005 East McDowell Road, Phoenix, Arizona 85008. Upon information and belief, ON Semiconductor

Corporation may be served with process by serving its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

32.     Upon information and belief, Xilinx, Inc. is incorporated under the laws of the State of Delaware, has conducted and regularly conducts business within this District, has purposefully availed itself of the privileges of conducting business in this District, and has sought protection and benefit from the laws of the State of Delaware. Upon information and belief, Xilinx, Inc. claims as its principal place of business, 2100 Logic Drive, San Jose, California 95124-3400. Upon information and belief, Xilinx, Inc. may be served with process by serving its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

33.     Upon information and belief, Zoran Corporation is incorporated under the laws of the State of Delaware, has conducted and regularly conducts business within this District, has purposefully availed itself of the privileges of conducting business in this District, and has sought protection and benefit from the laws of the State of Delaware. Upon information and belief, Zoran Corporation claims as its principal place of business, 1390 Kifer Road, Sunnyvale, California 94086. Upon information and belief, Zoran Corporation may be served with process by serving its registered agent, The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

## JURISDICTION AND VENUE

34.     This action arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

35.     As further detailed herein, this Court has personal jurisdiction over each Defendant. Each Defendant has conducted and regularly conducts business within the United States and this District. Each Defendant has purposefully availed itself of the privileges of conducting business in the United States, and more specifically in this District. Each Defendant has sought protection and benefit from the laws of the State of Delaware by incorporating in the State of Delaware, incorporating a subsidiary in the State of Delaware, and/or by placing infringing products into the stream of commerce through an established distribution channel with the expectation and/or knowledge that they will be purchased by consumers in this District. Plaintiffs' cause of action arises directly from Defendants' business contacts and other activities in this District.

36.     Each Defendant, directly or through intermediaries (including distributors, retailers, and others), subsidiaries, alter egos, and/or agents, ships, distributes, offers for sale, and/or sells its products in the United States and this District. Each Defendant has purposefully and voluntarily placed one or more of its infringing products, as described below, into the stream of commerce with the expectation and/or knowledge that they will be purchased by consumers in this District. Each Defendant knowingly and purposefully ships infringing products into this District through an established distribution channel. These infringing products have been and continue to be purchased by consumers in this District. Upon information and belief, each Defendant has committed the tort of patent infringement in this District, has contributed to patent infringement in this District, and/or has induced others to commit patent infringement in this District.

37.     Venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c), and (d), as well as 28 U.S.C. § 1400(b), in that, upon information and belief, each Defendant has committed acts

within this judicial District giving rise to this action and does business in this District, including but not limited to making sales in this District, providing service and support to their respective customers in this District, and/or operating an interactive website that is available to persons in this District, which website advertises, markets, and/or offers for sale infringing products.

## BACKGROUND

**A.     The Patents-In-Suit.**

38.     U.S. Patent No. 5,030,853, titled "High Speed Logic and Memory Family Using Ring Segment Buffer," ("the '853 patent") was duly and legally issued by the U.S. Patent and Trademark Office on July 9, 1991, after full and fair examination. Albert W. Vinal is the sole inventor listed on the '853 patent, which he assigned to Thunderbird Technologies, Inc. A reexamination certificate for the '853 patent issued on February 16, 1993, and a second reexamination certificate for the '853 patent issued on July 20, 2010. A true and correct copy of the '853 patent as re-examined is attached as **Exhibit A** and made a part hereof.

39.     U.S. Patent No. 5,391,949, titled "Differential Latching Inverter Circuit," ("the '949 patent") was duly and legally issued by the U.S. Patent and Trademark Office on February 21, 1995, after full and fair examination. Albert W. Vinal is the sole inventor listed on the '949 patent, which he assigned to Thunderbird Technologies, Inc. A true and correct copy of the '949 patent is attached as **Exhibit B** and made a part hereof.

40.     U.S. Patent No. 5,247,212, titled "Complementary Logic Input Parallel (CLIP) Logic Circuit Family," ("the '212 patent") was duly and legally issued by the U.S. Patent and Trademark Office on September 21, 1993, after full and fair examination. Albert W. Vinal is the sole inventor listed on the '212 patent, which he assigned to Thunderbird Technologies, Inc. A true and correct copy of the '212 patent is attached as **Exhibit C** and made a part hereof.

41.     U.S. Patent No. 5,001,367, titled "High Speed Complementary Field Effect Transistor Logic Circuits," ("the '367 patent") was duly and legally issued by the U.S. Patent and Trademark Office on March 19, 1991, after full and fair examination. Albert W. Vinal is the sole inventor listed on the '367 patent, which he assigned to Thunderbird Technologies, Inc. A true and correct copy of the '367 patent is attached as **Exhibit D** and made a part hereof.

42.     Albert W. Vinal, the sole inventor of the '853 patent, the '949 patent, the '212 patent, and the '367 patent (collectively the "patents-in-suit"), is a named inventor on over eighty (80) U.S. patents.

43.     In 1989, Mr. Vinal founded Thunderbird Technologies, Inc. In total, Mr. Vinal authored twenty-nine (29) patents on fundamental design techniques for high speed memories and high-performance transistor design, including the patents-in-suit. Mr. Vinal's high-speed memory designs include fundamental improvements to circuit and associated transistor design, and his inventions have become common in high-speed logic circuits.

44.     On June 19, 2007, Thunderbird Technologies, Inc. assigned HSM Portfolio LLC all of the right, title, and interest in the patents-in-suit, including the exclusive, worldwide right to sue and collect for its own use and benefit all claims for damages by reason of past infringement or use of the patents-in-suit, subject to then-existing licenses.

45.     On June 19, 2007, HSM Portfolio LLC granted Technology Properties Limited an exclusive, worldwide, and perpetual license with respect to those rights which enable and/or facilitate the management, development, and commercialization of the patents-in-suit.

**B.      Defendants' Infringing Conduct.**

46.     Upon information and belief, Defendants collectively make, use, offer to sell, and/or sell within, and/or import into the United States semiconductor devices that utilize

technologies covered by the patents-in-suit. Upon information and belief, the infringing semiconductor devices include, but are not limited to, processors such as analog-to-digital ("A/D") converters, codecs, digital video cable equalizers, field programmable gate ("FPG") arrays, graphics processors, image sensors, integrated circuits ("IC"), microcontroller units ("MCU"), radio frequency ("RF") transceivers, system-in-packages, and voltage regulators. Upon information and belief, the semiconductor devices also include, but are not limited to, memory devices such as column drivers, synchronous dynamic random access memory ("SDRAM"), and flash memory. Upon information and belief, Defendants, including, but not limited to, Fujitsu, AMD, Nvidia, SanDisk, Sony, and Toshiba, as well as additional third parties, incorporate these semiconductor devices into products that are made, used, offered for sale, and/or sold within, and/or imported into the United States, including this District.

## COUNT I

### Patent Infringement of U.S. Patent No. 5,030,853

47.     Plaintiffs repeat and re-allege each and every allegation of paragraphs 1-46 as though fully set forth herein.

48.     The '853 patent is valid and enforceable.

49.     Fujitsu, Qualcomm, Elpida, Hynix, Marvell, Micron, Nvidia, Freescale, ProMOS, SanDisk, Sony, STMicro, Toshiba, Cirrus, ON, Xilinx, and Zoran have at no time, either expressly or impliedly, been licensed under the '853 patent.

50.     Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiffs have complied with the requirements of that statute by providing actual or constructive notice to Fujitsu, Qualcomm, Elpida, Hynix, Marvell, Micron, Nvidia, Freescale, ProMOS, SanDisk, Sony, STMicro, Toshiba, Cirrus, ON, Xilinx, and Zoran of their

alleged infringement. Upon information and belief, Plaintiffs surmise that any express licensees of the '853 patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '853 patent on all goods made, offered for sale, and/or sold within, and/or imported into, the United States that embody one or more claims of that patent.

51.     Upon information and belief, Fujitsu has been directly and literally infringing under 35 U.S.C. § 271(a) and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b) and/or contributory infringement under 35 U.S.C. § 271(c), the '853 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, products containing semiconductor devices that include all of the limitations of one or more claims of the '853 patent, including, but not limited to, the Workstation Celsius V830, Workstation Celsius V840, and other similar products.

52.     Upon information and belief, Fujitsu has been directly and equivalently infringing under the doctrine of equivalents and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b) and/or contributory infringement under 35 U.S.C. § 271(c), the '853 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, products containing semiconductor devices that include all of the limitations of one or more claims of the '853 patent, including, but not limited to, the Workstation Celsius V830, Workstation Celsius V840, and other similar products. The products containing these semiconductor devices perform

substantially the same function as the inventions embodied in one or more claims of the '853 patent in substantially the same way to achieve the same result.

53.     Upon information and belief, the products containing these semiconductor devices have no substantial non-infringing uses, and Fujitsu had knowledge of the non-staple nature of the products containing these semiconductor devices and the '853 patent throughout the entire period of its infringing conduct or at least by April 15, 2009, when Fujitsu was formally placed on notice of its infringement.

54.     Upon information and belief, Qualcomm has been directly and literally infringing under 35 U.S.C. § 271(a) and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b) and/or contributory infringement under 35 U.S.C. § 271(c), the '853 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, semiconductor devices that include all of the limitations of one or more claims of the '853 patent, including, but not limited to, the QSC6055 A/D Converter and other similar semiconductor devices, and/or other products made, used, sold, offered for sale, or imported by Qualcomm that contain semiconductor devices that include all of the limitations of one or more claims of the '853 patent. Upon information and belief, the MSM6000, MSM6025, MSM6050, MSM6100, MSM6125, MSM6245, MSM6250, MSM6260, MSM6275, MSM6281, MSM6290, MSM6300, MSM6500, MSM6550, MSM6800, MSM7201, QST1000, QST1100, QST1105, QSC6085, QSC6065, QSC030, QSC6020, QSC6010, QSC1100, and Snapdragon may also infringe the '853 patent.

55.     Upon information and belief, Qualcomm has been directly and equivalently infringing under the doctrine of equivalents and/or indirectly infringing, by way of inducement

with specific intent under 35 U.S.C. § 271(b) and/or contributory infringement under 35 U.S.C. § 271(c), the '853 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, semiconductor devices that include all of the limitations of one or more claims of the '853 patent, including, but not limited to, the QSC6055 A/D Converter and other similar semiconductor devices, and/or other products made, used, sold, offered for sale, or imported by Qualcomm that contain semiconductor devices that include all of the limitations of one or more claims of the '853 patent. Upon information and belief, the MSM6000, MSM6025, MSM6050, MSM6100, MSM6125, MSM6245, MSM6250, MSM6260, MSM6275, MSM6281, MSM6290, MSM6300, MSM6500, MSM6550, MSM6800, MSM7201, QST1000, QST1100, QST1105, QSC6085, QSC6065, QSC030, QSC6020, QSC6010, QSC1100, and Snapdragon may also infringe the '853 patent. These semiconductor devices and/or products containing these semiconductor devices perform substantially the same function as the inventions embodied in one or more claims of the '853 patent in substantially the same way to achieve the same result.

56.   Upon information and belief, these semiconductor devices and/or products containing these semiconductor devices have no substantial non-infringing uses, and Qualcomm had knowledge of the non-staple nature of these semiconductor devices and/or products containing these semiconductor devices and the '853 patent throughout the entire period of its infringing conduct or at least by August 27, 2008, when Qualcomm was formally placed on notice of its infringement.

57.   Upon information and belief, Elpida has been directly and literally infringing under 35 U.S.C. § 271(a) and/or indirectly infringing, by way of inducement with specific intent

under 35 U.S.C. § 271(b) and/or contributory infringement under 35 U.S.C. § 271(c), the '853 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, semiconductor devices that include all of the limitations of one or more claims of the '853 patent, including, but not limited to, the E5108AB-5C-E DDR2 SDRAM and other similar semiconductor devices, and/or other products made, used, sold, offered for sale, or imported by Elpida that contain semiconductor devices that include all of the limitations of one or more claims of the '853 patent. Upon information and belief, the EDJ1104BASE, EDJ1108BABG, EDJ1108BASE, EDJ1108BBSE, EDJ1116BABG, EDEJ1116BASE, EBJ21UE8BASA, EBJ21UE8BAU0, EBJ11UE6BASA, EBJ11UE6BAU0, EBJ82HF4B1RA, EBJ41HE4BAFA, EBJ41RE4BAFA, EBJ42RE8BAFA, EBJ20RE4BAFA, EBJ21RE8BAFA, EBJ10RE8BAFA, EBJ21UE8BAFA, EBJ21UE8BAW0, EBJ21EE8BAFA, EBJ10UE8BAFA, EBJ10UE8BAW0, EBJ10EE8BAFA, EBJ10EE8BAW0, EBJ10EE8BAWA, EDE2104ABSE, EDE2108ABSE, EDE2116ABSE, EDE1104ABSE, EDE1104ACSE, EDE1108ABSE, EDE1108ACBG, EDE1108ACSE, EDE1116ABSE, EDE1116ACBG, EDE116ACSE, EDE1116ACSE-6E-E, EDE5108AGBG, EDE5108AGBG-6E-E, EDE5108AJBG, EDE5108AJSE, EDE5116AHSE, EDE5116AJBG, EDE5116AJSE, EDE2508AEBG, EDE2516AEBG, EBE81AF4ABHA, EBE82AF4A1RA, EBE41AE4ABHA, EBE41AE4ACFA, EBE41RE4ABHA, EBE41RE4ACFA, EBE20AE4ABFA, EBE20AE4ACFA, EBE20RE4ABFA, EBE20RE4ACFA, EBE21AD4AJFA, EBE21RD4AJFA, EBE10AD4AJFA, EBE10AE8ACFA, EBE10RD4AJFA, EBE10RE8ACFA, EBE51AD8AJFA, EBE51RD8AJFA, EBE41UF8ABFA, EBE41EF8ABFA, EBE21UE8ABFA, EBE21UE8ACFA, EBE21UE8ACWA, EBE21EE8ABFA, EBE21EE8ACFA, EBE21EE8ACWA,

EBE10UE8ACFA,      EBE10UE8ACWA,      EBE11UD8AHFA,      EBE11UD8AHWA,

EBE11UD8AJWA,      EBE10EE8ACFA,      EBE10EE8ACWA,      EBE11ED8AJWA,

EBE51UD8AJWA,      EBE51ED8AJWA,      EBE41UF8ABDA,      EBE21UE8ABDA,

EBE21UE8ACSA,      EBE21UE8ACUA,      EBE11UD8AJUA,      EBE11UE6ACSA,

EBE11UE6ACUA, EBE52UD6AJUA, EBE81FF4ABHT, EBE82FF4A1RQ, EBE41FE4ABHD,

EBE41FE4ACFT,  EBE21FD4AJFT,  EBE21FE8ACFT,  EBE10FE8ACFT,  EBE11FD8AJFT,

EBE51FD8AJFT may also infringe the '853 patent.

58.     Upon information and belief, Elpida has been directly and equivalently infringing
under the doctrine of equivalents and/or indirectly infringing, by way of inducement with
specific intent under 35 U.S.C. § 271(b) and/or contributory infringement under 35 U.S.C.
§ 271(c), the '853 patent by making, using, offering to sell, and/or selling to customers and/or
distributors (directly or through intermediaries and/or subsidiaries) in this District and elsewhere
within the United States and/or importing into the United States, without authority,
semiconductor devices that include all of the limitations of one or more claims of the '853
patent, including, but not limited to, the E5108AB-5C-E DDR2 SDRAM and other similar
semiconductor devices, and/or other products made, used, sold, offered for sale, or imported by
Elpida that contain semiconductor devices that include all of the limitations of one or more
claims of the '853 patent. Upon information and belief, the EDJ1104BASE, EDJ1108BABG,
EDJ1108BASE,   EDJ1108BBSE,   EDJ1116BABG,   EDEJ1116BASE,   EBJ21UE8BASA,
EBJ21UE8BAU0, EBJ11UE6BASA, EBJ11UE6BAU0, EBJ82HF4B1RA, EBJ41HE4BAFA,
EBJ41RE4BAFA, EBJ42RE8BAFA, EBJ20RE4BAFA, EBJ21RE8BAFA, EBJ10RE8BAFA,
EBJ21UE8BAFA, EBJ21UE8BAW0, EBJ21EE8BAFA, EBJ10UE8BAFA, EBJ10UE8BAW0,
EBJ10EE8BAFA,  EBJ10EE8BAW0,  EBJ10EE8BAWA,  EDE2104ABSE,  EDE2108ABSE,

EDE2116ABSE,   EDE1104ABSE,   EDE1104ACSE,   EDE1108ABSE,   EDE1108ACBG,

EDE1108ACSE,   EDE1116ABSE,   EDE1116ACBG,   EDE116ACSE,   EDE1116ACSE-6E-E,

EDE5108AGBG,   EDE5108AGBG-6E-E,   EDE5108AJBG,   EDE5108AJSE,   EDE5116AHSE,

EDE5116AJBG,   EDE5116AJSE,   EDE2508AEBG,   EDE2516AEBG,   EBE81AF4ABHA,

EBE82AF4A1RA,        EBE41AE4ABHA,        EBE41AE4ACFA,        EBE41RE4ABHA,

EBE41RE4ACFA,        EBE20AE4ABFA,        EBE20AE4ACFA,        EBE20RE4ABFA,

EBE20RE4ACFA, EBE21AD4AJFA, EBE21RD4AJFA, EBE10AD4AJFA, EBE10AE8ACFA,

EBE10RD4AJFA, EBE10RE8ACFA, EBE51AD8AJFA, EBE51RD8AJFA, EBE41UF8ABFA,

EBE41EF8ABFA,        EBE21UE8ABFA,        EBE21UE8ACFA,        EBE21UE8ACWA,

EBE21EE8ABFA,        EBE21EE8ACFA,        EBE21EE8ACWA,        EBE10UE8ACFA,

EBE10UE8ACWA,        EBE11UD8AHFA,        EBE11UD8AHWA,        EBE11UD8AJWA,

EBE10EE8ACFA,        EBE10EE8ACWA,        EBE11ED8AJWA,        EBE51UD8AJWA,

EBE51ED8AJWA,        EBE41UF8ABDA,        EBE21UE8ABDA,        EBE21UE8ACSA,

EBE21UE8ACUA,        EBE11UD8AJUA,        EBE11UE6ACSA,        EBE11UE6ACUA,

EBE52UD6AJUA, EBE81FF4ABHT, EBE82FF4A1RQ, EBE41FE4ABHD, EBE41FE4ACFT,

EBE21FD4AJFT,   EBE21FE8ACFT,   EBE10FE8ACFT,   EBE11FD8AJFT,   EBE51FD8AJFT

may also infringe the '853 patent. These semiconductor devices and/or products containing these

semiconductor devices perform substantially the same function as the inventions embodied in

one or more claims of the '853 patent in substantially same way to achieve the same result.

59.    Upon information and belief, these semiconductor devices and/or products

containing these semiconductor devices have no substantial non-infringing uses, and Elpida had

knowledge of the non-staple nature of these semiconductor devices and/or products containing

these semiconductor devices and the '853 patent throughout the entire period of its infringing

conduct or at least by June 27, 2008, when Elpida was formally placed on notice of its infringement.

60.     Upon information and belief, Hynix has been directly and literally infringing under 35 U.S.C. § 271(a) and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b) and/or contributory infringement under 35 U.S.C. § 271(c), the '853 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, semiconductor devices that include all of the limitations of one or more claims of the '853 patent, including, but not limited to, the HY5DU12822CTP DDR SDRAM, HY5PS1G831CFP-Y5 DDR2 SDRAM, and other similar semiconductor devices, and/or other products made, used, sold, offered for sale, or imported by Hynix that contain semiconductor devices that include all of the limitations of one or more claims of the '853 patent. Upon information and belief, the HY5DU28422BT, HY5DU28422DT,        HY5DU28422ET,        HY5DU281622DT,        HY5DU281622ET, HY5DU56422AT,        HY5DU56422BF,        HY5DU56422BLF,        HY5DU56422BLT, HY5DU56422BT,        HY5DU56422DF,        HY5DU56422DFP,        HY5DU56422DLF, HY5DU56422DLFP,        HY5DU56422DT,        HY5DU56422DTP,        HY5DU56822ETP, HY5DU561622DT,        HY5DU561622EFP,        HY5DU12422ALT,        HY5DU12422AT, HY5DU12422BFP,        HY5DU12422CFP,        HY5DU121622BT,        HY5DU121622BTP, HY5DU28822BT, HY5DU28822DT, HY5DU28822ET, HY5DU56822AF, HY5DU56822AT, HY5DU56822BF,        HY5DU56822BLF,        HY5DU56822BLT,        HY5DU56822BT, HY5DU56822DF,        HY5DU56822DFP,        HY5DU56822DLF,        HY5DU56822DLFP, HY5DU56822DT,        HY5DU56822DTP,        HY5DU56822EFP,        HY5DU561622AF,

HY5DU561622AT,      HY5DU561622DF,      HY5DU561622DFP,      HY5DU561622DLF,

HY5DU561622DLFP,      HY5DU561622DTP,      HY5DU12822ALT,      HY5DU12822AT,

HY5DU12822BF,      HY5DU12822BFP,      HY5DU12822BLF,      HY5DU12822BLFP,

HY5DU12822BLT,      HY5DU12822BLTP,      HY5DU12822BT,      HY5DU12822BTP,

HY5DU121622ALT,      HY5DU121622AT,      HY5DU121622BF,      HY5DU121622BFP,

HY5DU121622BLF,      HY5DU121622BLFP,      HY5DU121622BLT,      HY5DU121622BLTP,

H5PS5142FFP,  HY5PS12421CFP,  H5PS5182FFP,  HY5PS12821CFP,  HY5PS121621CFP,

H5PS1G43EFR,  HY5PG1G431CFP,  HY5PS1G431CFP,  H5PS1G83EFR,  HY5PG1G831CFP,

HY5PS1G831CFP,  H5PS1G63EFR,  HY5PS1G1631CFP,  H5PS2G43MFP,  HY5PS2G431CMP,

H5PS2G83MFP,  HY5PS2G831CMP,  H5PS4G43MMP,  H5PS4G83MMP,  HY5PS56821F,

HY5PS561621AFP,  HY5PS561621F,  HY5PS12821F,  HY5PS12821FP,  HY5PS121621AF,

HY5PS121621AFP,      HY5PS121621BFP,      HY5PS121621F,      HY5PS121621FP,

HY5PS561621BFP,      HY5DU323222Q,      HY5DU323222QP,      HY5DU281622ET,

HY5DV281622DT,      HY5DS283222BF,      HY5DU283222AF,      HY5DU283222BF,

HY5DU283222F,      HY5DU283222Q,      HY5DW283222AF,      HY5DW283222BF,

HY5DU561622CT,      HY5DS573222F,      HY5DU573222AFM,      HY5DU573222F,

HY5DW573222F,      HY5DU121622CTP,      HY5DS113222FM(P),      HY5DU113222FM,

HY5DW113222FM,      HY5MS5B6ALF(P),      HY5MS5B2LF(P),      HY5MS7B6LF(P),

HY5MS7B2LF(P),      HY5DV6411622AT-F,      HY5DU283222,      HY5DU281622ET-H,

HY5DU283222AQ,  HY5DU283222Q4,  HY5DU283222BFP-33DR,  HY5DU12822AT-D43,

HY5PS12821CFP-Y5,  HY5PS12821CFP-S5,  HY5PS12821BFP-S5,  HY5PS1G431CFP-Y5,

HY5PS121621B,  HY5PS561621A,  HY5DU383222,  HY5DU281622ETP,  HY5PS1G831CFP-

S5, and HY5PS12821F-C4 may also infringe the '853 patent.

---

61.     Upon information and belief, Hynix has been directly and equivalently infringing under the doctrine of equivalents and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b) and/or contributory infringement under 35 U.S.C. § 271(c), the '853 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, semiconductor devices that include all of the limitations of one or more claims of the '853 patent, including, but not limited to, the HY5DU12822CTP DDR SDRAM, HY5PS1G831CFP-Y5 DDR2 SDRAM, and other similar semiconductor devices, and/or other products made, used, sold, offered for sale, or imported by Hynix that contain semiconductor devices that include all of the limitations of one or more claims of the '853 patent. Upon information and belief, the

| | | | |
|---|---|---|---|
| HY5DU28422BT, | HY5DU28422DT, | HY5DU28422ET, | HY5DU281622DT, |
| HY5DU281622ET, | HY5DU56422AT, | HY5DU56422BF, | HY5DU56422BLF, |
| HY5DU56422BLT, | HY5DU56422BT, | HY5DU56422DF, | HY5DU56422DFP, |
| HY5DU56422DLF, | HY5DU56422DLFP, | HY5DU56422DT, | HY5DU56422DTP, |
| HY5DU56822ETP, | HY5DU561622DT, | HY5DU561622EFP, | HY5DU12422ALT, |
| HY5DU12422AT, | HY5DU12422BFP, | HY5DU12422CFP, | HY5DU121622BT, |
| HY5DU121622BTP, | HY5DU28822BT, | HY5DU28822DT, | HY5DU28822ET, |
| HY5DU56822AF, | HY5DU56822AT, | HY5DU56822BF, | HY5DU56822BLF, |
| HY5DU56822BLT, | HY5DU56822BT, | HY5DU56822DF, | HY5DU56822DFP, |
| HY5DU56822DLF, | HY5DU56822DLFP, | HY5DU56822DT, | HY5DU56822DTP, |
| HY5DU56822EFP, | HY5DU561622AF, | HY5DU561622AT, | HY5DU561622DF, |
| HY5DU561622DFP, | HY5DU561622DLF, | HY5DU561622DLFP, | HY5DU561622DTP, |

HY5DU12822ALT, HY5DU12822AT, HY5DU12822BF, HY5DU12822BFP, HY5DU12822BLF, HY5DU12822BLFP, HY5DU12822BLT, HY5DU12822BLTP, HY5DU12822BT, HY5DU12822BTP, HY5DU121622ALT, HY5DU121622AT, HY5DU121622BF, HY5DU121622BFP, HY5DU121622BLF, HY5DU121622BLFP, HY5DU121622BLT, HY5DU121622BLTP, H5PS5142FFP, HY5PS12421CFP, H5PS5182FFP, HY5PS12821CFP, HY5PS121621CFP, H5PS1G43EFR, HY5PG1G431CFP, HY5PS1G431CFP, H5PS1G83EFR, HY5PG1G831CFP, HY5PS1G831CFP, H5PS1G63EFR, HY5PS1G1631CFP, H5PS2G43MFP, HY5PS2G431CMP, H5PS2G83MFP, HY5PS2G831CMP, H5PS4G43MMP, H5PS4G83MMP, HY5PS56821F, HY5PS561621AFP, HY5PS561621F, HY5PS12821F, HY5PS12821FP, HY5PS121621AF, HY5PS121621AFP, HY5PS121621BFP, HY5PS121621F, HY5PS121621FP, HY5PS561621BFP, HY5DU323222Q, HY5DU323222QP, HY5DU281622ET, HY5DV281622DT, HY5DS283222BF, HY5DU283222AF, HY5DU283222BF, HY5DU283222F, HY5DU283222Q, HY5DW283222AF, HY5DW283222BF, HY5DU561622CT, HY5DS573222F, HY5DU573222AFM, HY5DU573222F, HY5DW573222F, HY5DU121622CTP, HY5DS113222FM(P), HY5DU113222FM, HY5DW113222FM, HY5MS5B6ALF(P), HY5MS5B2LF(P), HY5MS7B6LF(P), HY5MS7B2LF(P), HY5DV6411622AT-F, HY5DU283222, HY5DU281622ET-H, HY5DU283222AQ, HY5DU283222Q4, HY5DU283222BFP-33DR, HY5DU12822AT-D43, HY5PS12821CFP-Y5, HY5PS12821CFP-S5, HY5PS12821BFP-S5, HY5PS1G431CFP-Y5, HY5PS121621B, HY5PS561621A, HY5DU383222, HY5DU281622ETP, HY5PS1G831CFP-S5, and HY5PS12821F-C4 may also infringe the '853 patent. These semiconductor devices and/or products containing these

semiconductor devices perform substantially the same function as the inventions embodied in one or more claims of the '853 patent in substantially the same way to achieve the same result.

62.     Upon information and belief, these semiconductor devices and/or products containing these semiconductor devices have no substantial non-infringing uses, and Hynix had knowledge of the non-staple nature of these semiconductor devices and/or products containing these semiconductor devices and the '853 patent throughout the entire period of its infringing conduct or at least by November 5, 2008, when Hynix was formally placed on notice of its infringement.

63.     Upon information and belief, Marvell has been directly and literally infringing under 35 U.S.C. § 271(a) and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b) and/or contributory infringement under 35 U.S.C. § 271(c), the '853 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, semiconductor devices that include all of the limitations of one or more claims of the '853 patent, including, but not limited to, the 88W8686B13 RF IC Transceiver and other similar semiconductor devices, and/or other products made, used, sold, offered for sale, or imported by Marvell that contain semiconductor devices that include all of the limitations of one or more claims of the '853 patent. Upon information and belief, the 88E8038, 88i8845C-BHG2, 88i8845D, 88W8060, 88i5531, 88i5501, 88i6603, 88i6545-TFJ1, 88I6745N-TFJ1, 88i5510-BCJ, 88i6540-LFH1, 88i611-BCJ1, 88i6612GAB1, 88i6737-TFJ1, 88W8010-NNB1, 88W8580-BAN1, 88i6717-GAB2, 88E6060-RCJ1, 88W8015-NXA1, 88W8582U, 88E3082-BAR1, 88i6717-TFJ1, 88i6745-TFJ1, 88i6611-BCJ1, 88SA8040-TBC1, 88W8363C, 88i8826D-BAM2, 88i5531-BAN, 88C7500M, 88E6218-

LG01, 88W8361P-BEM1, 88W8362-BEN1, 88E6131, 88E6060, 88E1115-RCJ1, 88E1141-BBT, 88W8385-BDK1, 88I6633-TLA1, 88W8385, 88i6612-GAB1, 88SA8052-TBC2, 88i6540-BAM1, 88C6590-LFE1, 88W8688, PXA90x, PXA320, PXA310, PXA300, 88DE2710, 88F5182, 88F5281, 88F6000, 88E8062, 88E805X, 88E803X, 88E8001, 88ALP01, Prestera-DX, Prestera-EX, Prestera-MX, Prestera-FX, GalNet-3, GalNet-2+, GalNet-2, MV78200, MV78100, MV76100, MV64560, MV64420, MV64430, MV64460, MV64440, MV64362, MV64361, MV64360, MV64342, MV64341, MV64340, GT-64262A, GT-64261A, GT-64260A, GT-64242A, GT-64241A, GT-64240A, MV96340, GT-96132, and GT-96122 may also infringe the '853 patent.

64.     Upon information and belief, Marvell has been directly and equivalently infringing under the doctrine of equivalents and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b) and/or contributory infringement under 35 U.S.C. § 271(c), the '853 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, semiconductor devices that include all of the limitations of one or more claims of the '853 patent, including, but not limited to, the 88W8686B13 RF IC Transceiver and other similar semiconductor devices, and/or other products made, used, sold, offered for sale, or imported by Marvell that contain semiconductor devices that include all of the limitations of one or more claims of the '853 patent. Upon information and belief, the 88E8038, 88i8845C-BHG2, 88i8845D, 88W8060, 88i5531, 88i5501, 88i6603, 88i6545-TFJ1, 88I6745N-TFJ1, 88i5510-BCJ, 88i6540-LFH1, 88i611-BCJ1, 88i6612GAB1, 88i6737-TFJ1, 88W8010-NNB1, 88W8580-BAN1, 88i6717-GAB2, 88E6060-RCJ1, 88W8015-NXA1, 88W8582U, 88E3082-BAR1,

88i6717-TFJ1, 88i6745-TFJ1, 88i6611-BCJ1, 88SA8040-TBC1, 88W8363C, 88i8826D-BAM2, 88i5531-BAN, 88C7500M, 88E6218-LG01, 88W8361P-BEM1, 88W8362-BEN1, 88E6131, 88E6060, 88E1115-RCJ1, 88E1141-BBT, 88W8385-BDK1, 88I6633-TLA1, 88W8385, 88i6612-GAB1, 88SA8052-TBC2, 88i6540-BAM1, 88C6590-LFE1, 88W8688, PXA90x, PXA320, PXA310, PXA300, 88DE2710, 88F5182, 88F5281, 88F6000, 88E8062, 88E805X, 88E803X, 88E8001, 88ALP01, Prestera-DX, Prestera-EX, Prestera-MX, Prestera-FX, GalNet-3, GalNet-2+, GalNet-2, MV78200, MV78100, MV76100, MV64560, MV64420, MV64430, MV64460, MV64440, MV64362, MV64361, MV64360, MV64342, MV64341, MV64340, GT-64262A, GT-64261A, GT-64260A, GT-64242A, GT-64241A, GT-64240A, MV96340, GT-96132, and GT-96122 may also infringe the '853 patent. These semiconductor devices and/or products containing these semiconductor devices perform substantially the same function as the inventions embodied in one or more claims of the '853 patent in substantially the same way to achieve the same result.

65.    Upon information and belief, these semiconductor devices and/or products containing these semiconductor devices have no substantial non-infringing uses, and Marvell had knowledge of the non-staple nature of these semiconductor devices and/or products containing these semiconductor devices and the '853 patent throughout the entire period of its infringing conduct or at least by August 21, 2008, when Marvell was formally placed on notice of its infringement.

66.    Upon information and belief, Micron has been directly and literally under 35 U.S.C. § 271(a) and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b) and/or contributory infringement under 35 U.S.C. § 271(c), the '853 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or

through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, semiconductor devices that include all of the limitations of one or more claims of the '853 patent, including, but not limited to, the MT46V16M16TG-75B DDR SDRAM, MT46V32M8TG DDR SDRAM, MT41J128M8HX DDR3 SDRAM, and other similar semiconductor devices, and/or other products made, used, sold, offered for sale, or imported by Micron that contain semiconductor devices that include all of the limitations of one or more claims of the '853 patent. Upon information and belief, the MT41J128M8JP, MT46V16M16TG-75, MT46V16M16TG-75EC, MT46V32M8P-6TG, MT46V16M16TG-6TF, MT46V16M16P-5BF, MT46V32M16P-6T, MT46V8M16P-75D, MT46V8M16P-6T, MT46V32M16TC-75C, MT46V16M16P, MT46V8M16P-5BD, MT46V32M8TG-5BG, MT46V32M8-5B, MT46V8M16TG-6T, MT46V64M8FN-6, MT46V16M16P-6TITF, MT46V16M16-5B, MT46V8M16P-6TD, and MT46V16M16P-75LF may also infringe the '853 patent.

67.    Upon information and belief, Micron has been directly and equivalently infringing under the doctrine of equivalents and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b) and/or contributory infringement under 35 U.S.C. § 271(c), the '853 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, semiconductor devices that include all of the limitations of one or more claims of the '853 patent, including, but not limited to, the MT46V16M16TG-75B DDR SDRAM, MT46V32M8TG DDR SDRAM, MT41J128M8HX DDR3 SDRAM, and other similar semiconductor devices, and/or other products made, used, sold, offered for sale, or imported by

Micron that contain semiconductor devices that include all of the limitations of one or more claims of the '853 patent. Upon information and belief, the MT41J128M8JP, MT46V16M16TG-75, MT46V16M16TG-75EC, MT46V32M8P-6TG, MT46V16M16TG-6TF, MT46V16M16P-5BF, MT46V32M16P-6T, MT46V8M16P-75D, MT46V8M16P-6T, MT46V32M16TC-75C, MT46V16M16P, MT46V8M16P-5BD, MT46V32M8TG-5BG, MT46V32M8-5B, MT46V8M16TG-6T, MT46V64M8FN-6, MT46V16M16P-6TITF, MT46V16M16-5B, MT46V8M16P-6TD, and MT46V16M16P-75LF may also infringe the '853 patent. These semiconductor devices and/or products containing these semiconductor devices perform substantially the same function as the inventions embodied in one or more claims of the '853 patent in substantially the same way to achieve the same result.

68.     Upon information and belief, these semiconductor devices and/or products containing these semiconductor devices have no substantial non-infringing uses, and Micron had knowledge of the non-staple nature of these semiconductor devices and/or products containing these semiconductor devices and the '853 patent throughout the entire period of its infringing conduct or at least by April 18, 2008, when Micron was formally placed on notice of its infringement.

69.     Upon information and belief, Nvidia has been directly and literally infringing under 35 U.S.C. § 271(a) and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b) and/or contributory infringement under 35 U.S.C. § 271(c), the '853 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, semiconductor devices that include all of the limitations of one or more claims of the '853 patent, including, but not limited

to, the NF-6100-430-N-A3 Graphics Processing Unit and other similar semiconductor devices, and/or other products made, used, sold, offered for sale, or imported by Nvidia that contain semiconductor devices that include all of the limitations of one or more claims of the '853 patent, including, but not limited to, the 7600GS Graphics Card, FX 5900 Ultra Graphics Card, NX8500GT-TD256E Graphics Card, TI 4200 Graphics Card, FX 5600 Ultra DT Graphics Card, and other similar products. Upon information and belief, the G200-100-A2, nForce 590 SLI, n Force 650i SLI, nForce 680i SLI, nForce 750i SLI, nForce 780i SLI, nForce 790i Ultra SLI, nForce 630i, nForce 650i SLI, nForce 680i LT, nForce 780i, nForce 2200, nForce Professional 2050, nForce Professional 2200, nForce Professional 3050, nForce Professional 3400, nForce Professional 3600 may also infringe the '853 patent.

70.     Upon information and belief, Nvidia has been directly and equivalently infringing under the doctrine of equivalents and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b) and/or contributory infringement under 35 U.S.C. § 271(c), the '853 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, semiconductor devices that include all of the limitations of one or more claims of the '853 patent, including, but not limited to, the NF-6100-430-N-A3 Graphics Processing Unit and other similar semiconductor devices, and/or other products made, used, sold, offered for sale, or imported by Nvidia that contain semiconductor devices that include all of the limitations of one or more claims of the '853 patent, including, but not limited to, the 7600GS Graphics Card, FX 5900 Ultra Graphics Card, NX8500GT-TD256E Graphics Card, TI 4200 Graphics Card, FX 5600 Ultra DT Graphics Card, and other similar products. Upon information and belief, the

G200-100-A2, nForce 590 SLI, n Force 650i SLI, nForce 680i SLI, nForce 750i SLI, nForce 780i SLI, nForce 790i Ultra SLI, nForce 630i, nForce 650i SLI, nForce 680i LT, nForce 780i, nForce 2200, nForce Professional 2050, nForce Professional 2200, nForce Professional 3050, nForce Professional 3400, nForce Professional 3600 may also infringe the '853 patent. These semiconductor devices and/or products containing these semiconductor devices perform substantially the same function as the inventions embodied in one or more claims of the '853 patent in substantially the same way to achieve the same result.

71.     Upon information and belief, these semiconductor devices and/or products containing these semiconductor devices have no substantial non-infringing uses, and Nvidia had knowledge of the non-staple nature of these semiconductor devices and/or products containing these semiconductor devices and the '853 patent throughout the entire period of its infringing conduct or at least by October 7, 2008, when Nvidia was formally placed on notice of its infringement.

72.     Upon information and belief, Freescale has been directly and literally infringing under 35 U.S.C. § 271(a) and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b) and/or contributory infringement under 35 U.S.C. § 271(c), the '853 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, semiconductor devices that include all of the limitations of one or more claims of the '853 patent, including, but not limited to, the MMM6000 RF Transceiver and other similar semiconductor devices, and/or other products made, used, sold, offered for sale, or imported by Freescale that contain semiconductor devices that include all of the limitations of one or more claims of the '853 patent. Upon

information and belief, the S08SG, S08SL, S08QD, S08EL, S08D, S08AW, HC08AB Family,

HC08AS Family, HC08AZ Family, HC08EY Family, HC08GR Family, HC08GZ Family,

HC08QB Family, HC08QC Family, HC08QL Family, HC08QY Family, HC08KX Family,

HC08RF Family, RS08KA, S08AC, S08GB, S08GT, S08JM, S08LC, S08QA, S08QE, S08QG,

S08R, S08SH, 68HC08AB16A, 68HC908AB32, 68HC908AP16, 68HC908AP16A,

68HC908AP32, 68HC908AP32A, 68HC908AP64, 68HC908AP64A, 68HC908AP8,

68HC908AP8A, 68HC08AS32, 68HC08AS32A, 68HC08AZ32A, 68HC08AZ60A,

68HC908AS32A, 68HC908AS60, 68HC908AS60A, 68HC908AZ32A, 68HC908AZ60A,

68HC08BD24, 68HC908BD48, 68HC908EY16, 68HC908EY16A, 68HC908EY8,

68HC908EY8A, 68HC08GP16A, 68HC08GP32A, 68HC08GR16A, 68HC08GR32A,

68HC08GT16, 68HC908GP32, 68HC908GR16, 68HC908GR16A, 68HC908GR32A,

68HC908GR4, 68HC908GR48A, 68HC908GR60A, 68HC908GR8, 68HC908GR8A,

68HC908GT16, 68HC908GT8, 68HC08GZ32, 68HC908GZ16, 68HC908GZ32,

68HC908GZ48, 68HC908GZ60, 68HC908GZ8, 68HC08JB1, 68HC08JB8, 68HC08JT8,

68HC908JB12, 68HC908JB16, 68HC908JB8, 68HC908JW32, 68HC08JK3E, 68HC08JK8,

68HC08JL3E, 68HC08JL8, 68HC908JK1E, 68HC908JK3E, 68HC908JK8, 68HC908JL16,

68HC908JL3E, 68HC908JL8, 68HLC908JK1E, 68HLC908JK3E, 68HLC908JL3E,

68HC08KH12, 68HC908KX2, 68HC908KX8, 68HC908LD60, 68HC908LD64, 68HC908LJ12,

68HC908LJ24, 68HC908LK24, 68HC908LV8, 68HC908MR16, 68HC908MR32,

68HC908MR8, MC3PHAC, 68HC908QF4, 68HC908QT1, 68HLC908QT1, 68HC908QT2,

68HLC908QT2, 68HC908QT4, 68HLC908QT4, 68HC908QY1, 68HLC908QY1,

68HC908QY2, 68HLC908QY2, 68HC908QY4, 68HLC908QY4, 68HC908QT2A,

68HC908QT4A, 68HC908QC16, 68HC908QC8, 68HC908QL4, 68HC908QT1A,

68HC908QY1A, 68HC908QY2A, 68HC908QY4A, MC908QB4, MC908QB8, MC908QY8, 68HC908RF2, 68HC908SR12, MM908E621, MM908E622, MM908E624, MM908E625, MM908E626, S12XE, S12XS, S12XD, S12XHZ, S12XB, S12XF, S12C, S12HZ, S12R, S12P, S12Q, 68HC12BC32, 68HC12BE32, 68HC12D60, 68HC912B32, 68HC912BC32, 68HC912D60A, 68HC912D60C, 68HC912D60P, 68HC912DG128A, 68HC912DG128C, 68HC912DG128P, 68HC912DT128A, 68HC912DT128C, 68HC912DT128P, 68HC16R1, 68HC16Y1, 68HC16Y3, 68HC16Z1, 68HC16Z3, 568XX Family, 56F8XX Family, 56F8XXX Family, S12XA, S12UF, S12NE, S12GC, S12XD, S12E, S12XHZ, S12C, S12A, S12HZ, S12XE, S12XS, S12XD, S12XHZ, S12XB, S12XF, S12C, S12HZ, S12R, S12P, S12Q, DSP56852, DSP56853, DSP56854, DSP56855, DSP56857, DSP56858, DSP56F801, DSP56F802, DSP56F803, DSP56F805, DSP56F807, DSP56F826, DSP56F827, 56F801X, 56F802X, 56F803X, 56F832X-812X, 56F8335-8135, 56F834X-814X, 56F835X-815X, 56F836X-816X, 68HC16R1, 68HC16Y1, 68HC16Y3, 68HC16Z1, 68HC16Z3, MCF540X, MCF5445X, MCF547X, MCF548X, MCF530X, MCF532X, MCF537X, MCF5206, MCF5206E, MCF520X, MCF5227X, MCF523X, MCF524X, MCF525X, MCF527X, SCF5250, MCF521X, MCF521XX, MCF5221X, MCF5222X, MCF5223X, MCF528X, MCF51AC, MCF51JM, MCF51QE, MC68302, MC68306, MC68331, MC68332, MC68336, MC68340, MC68360, MC68376, MC68F375, MC68000, MC68020, MC68030, MC68040, MC68060, MC68SZ328, MC68VZ328, RFX300-30, RFX300 20, RFX275-30, RFX275-20, RFX250-20, MXC300-30, MXC275-30 may also infringe the '853 patent.

73.     Upon information and belief, Freescale has been directly and equivalently infringing under the doctrine of equivalents and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b) and/or contributory infringement under 35 U.S.C.

§ 271(c), the '853 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, semiconductor devices that include all of the limitations of one or more claims of the '853 patent, including, but not limited to, the MMM6000 RF Transceiver and other similar semiconductor devices, and/or other products made, used, sold, offered for sale, or imported by Freescale that contain semiconductor devices that include all of the limitations of one or more claims of the '853 patent. Upon information and belief, the S08SG, S08SL, S08QD, S08EL, S08D, S08AW, HC08AB Family, HC08AS Family, HC08AZ Family, HC08EY Family, HC08GR Family, HC08GZ Family, HC08QB Family, HC08QC Family, HC08QL Family, HC08QY Family, HC08KX Family, HC08RF Family, RS08KA, S08AC, S08GB, S08GT, S08JM, S08LC, S08QA, S08QE, S08QG, S08R, S08SH, 68HC08AB16A, 68HC908AB32, 68HC908AP16, 68HC908AP16A, 68HC908AP32, 68HC908AP32A, 68HC908AP64, 68HC908AP64A, 68HC908AP8, 68HC908AP8A, 68HC08AS32, 68HC08AS32A, 68HC08AZ32A, 68HC08AZ60A, 68HC908AS32A, 68HC908AS60, 68HC908AS60A, 68HC908AZ32A, 68HC908AZ60A, 68HC08BD24, 68HC908BD48, 68HC908EY16, 68HC908EY16A, 68HC908EY8, 68HC908EY8A, 68HC08GP16A, 68HC08GP32A, 68HC08GR16A, 68HC08GR32A, 68HC08GT16, 68HC908GP32, 68HC908GR16, 68HC908GR16A, 68HC908GR32A, 68HC908GR4, 68HC908GR48A, 68HC908GR60A, 68HC908GR8, 68HC908GR8A, 68HC908GT16, 68HC908GT8, 68HC08GZ32, 68HC908GZ16, 68HC908GZ32, 68HC908GZ48, 68HC908GZ60, 68HC908GZ8, 68HC08JB1, 68HC08JB8, 68HC08JT8, 68HC908JB12, 68HC908JB16, 68HC908JB8, 68HC908JW32, 68HC08JK3E, 68HC08JK8, 68HC08JL3E, 68HC08JL8, 68HC908JK1E, 68HC908JK3E, 68HC908JK8,

68HC908JL16,    68HC908JL3E,    68HC908JL8,    68HLC908JK1E,    68HLC908JK3E,

68HLC908JL3E,    68HC08KH12,    68HC908KX2,    68HC908KX8,    68HC908LD60,

68HC908LD64,    68HC908LJ12,    68HC908LJ24,    68HC908LK24,    68HC908LV8,

68HC908MR16, 68HC908MR32, 68HC908MR8, MC3PHAC, 68HC908QF4, 68HC908QT1,

68HLC908QT1,    68HC908QT2,    68HLC908QT2,    68HC908QT4,    68HLC908QT4,

68HC908QY1,    68HLC908QY1,    68HC908QY2,    68HLC908QY2,    68HC908QY4,

68HLC908QY4,    68HC908QT2A,    68HC908QT4A,    68HC908QC16,    68HC908QC8,

68HC908QL4,    68HC908QT1A,    68HC908QY1A,    68HC908QY2A,    68HC908QY4A,

MC908QB4,    MC908QB8,    MC908QY8,    68HC908RF2,    68HC908SR12,    MM908E621,

MM908E622, MM908E624, MM908E625, MM908E626, S12XE, S12XS, S12XD, S12XHZ,

S12XB, S12XF, S12C, S12HZ, S12R, S12P, S12Q, 68HC12BC32, 68HC12BE32, 68HC12D60,

68HC912B32,    68HC912BC32,    68HC912D60A,    68HC912D60C,    68HC912D60P,

68HC912DG128A,    68HC912DG128C,    68HC912DG128P,    68HC912DT128A,

68HC912DT128C, 68HC912DT128P, 68HC16R1, 68HC16Y1, 68HC16Y3, 68HC16Z1,

68HC16Z3, 568XX Family, 56F8XX Family, 56F8XXX Family, S12XA, S12UF, S12NE,

S12GC, S12XD, S12E, S12XHZ, S12C, S12A, S12HZ, S12XE, S12XS, S12XD, S12XHZ,

S12XB, S12XF, S12C, S12HZ, S12R, S12P, S12Q, DSP56852, DSP56853, DSP56854,

DSP56855, DSP56857, DSP56858, DSP56F801, DSP56F802, DSP56F803, DSP56F805,

DSP56F807, DSP56F826, DSP56F827, 56F801X, 56F802X, 56F803X, 56F832X-812X,

56F8335-8135, 56F834X-814X, 56F835X-815X, 56F836X-816X, 68HC16R1, 68HC16Y1,

68HC16Y3, 68HC16Z1, 68HC16Z3, MCF540X, MCF5445X, MCF547X, MCF548X,

MCF530X, MCF532X, MCF537X, MCF5206, MCF5206E, MCF520X, MCF5227X,

MCF523X, MCF524X, MCF525X, MCF527X, SCF5250, MCF521X, MCF521XX,

MCF5221X, MCF5222X, MCF5223X, MCF528X, MCF51AC, MCF51JM, MCF51QE, MC68302, MC68306, MC68331, MC68332, MC68336, MC68340, MC68360, MC68376, MC68F375, MC68000, MC68020, MC68030, MC68040, MC68060, MC68SZ328, MC68VZ328, RFX300-30, RFX300 20, RFX275-30, RFX275-20, RFX250-20, MXC300-30, MXC275-30 may also infringe the '853 patent. These semiconductor devices and/or products containing these semiconductor devices perform substantially the same function as the inventions embodied in one or more claims of the '853 patent in substantially the same way to achieve the same result.

74.     Upon information and belief, these semiconductor devices and/or products containing these semiconductor devices have no substantial non-infringing uses, and Freescale had knowledge of the non-staple nature of these semiconductor devices and/or products containing these semiconductor devices and the '853 patent throughout the entire period of its infringing conduct or at least by August 19, 2008, when Freescale was formally placed on notice of its infringement.

75.     Upon information and belief, ProMOS has been directly and literally infringing under 35 U.S.C. § 271(a) and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b) and/or contributory infringement under 35 U.S.C. § 271(c), the '853 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, semiconductor devices that include all of the limitations of one or more claims of the '853 patent, including, but not limited to, the BBOT64M8M-37 DDR2 SDRAM, V58C2256164SBT5 DDR SDRAM, and other similar semiconductor devices, and/or other products made, used, sold, offered for sale, or imported by

ProMOS that contain semiconductor devices that include all of the limitations of one or more claims of the '853 patent. Upon information and belief, the V58C2128164SBI5, V58C2512164SAI5, V59C1G01808QA, V59C1G01808QB, V59C1G01168QB, V59C1256164QA, V59C1512164QAL, V59C1512404QA, V59C1512804QA, V59C1512164QA, V59C1512404QB, V59C1512804QB, V59C1512164QB, V59C1512404QC, V59C1512804QC, V59C1512164QC, V916765K24QA, V916765K24QB, V916865K28QB, V916765K24QC, V916866K28QB, V916732J24QA, V916732J24QB, V916732J24QC, V916764K24QA, V916764K24QB, V916764K24QC, V917565K24QA, V917565K24QB, V917665K28QB, V917565K24QC, V917666K28QB, V917564K24QA, V917564K24QB, V917565N24QB, V917565U24QB, V917565N24QC, V917666N28QB, V917666U28QB, V917564U24QA, V917564U24QB, V58C2128804SB, V58C2128164SB, V58C2128804SC, V58C2128164SC, V58C2128804SB, V58C2128164SB, V58C2256324SA, V58C2256404SC, V58C2256804SC, V58C2256164SC, V58C2256164SG, V58C2256804SC, V58C2256164SC, V58C2512404SA, V58C2512804SA, V58C2512164SA, V58C2512804SB, V58C2512164SB, V58C2512804SA, V58C2512164SA, V826765K24SA, V826765K24SB, V826616J24SA, V826616J24SC, V826632K24SA, V826732J24SA, V826632K24SC, V826764K24SA, V826664K24SA, V826764K24SB, V826664K24SC, V827565K24SA, V827565K24SB, V827432K24SA, V827432K24SC, V827464K24SA, V827564K24SA, V827564K24SB, V827464K24SC, V827565N24SA, V827565N24SB, V827432U24SA, V827432U24SC, V827564U24SA, V827464N24SA, V827564U24SB, V827464N24SC, V826765G24SA, V826765G24SB, V826616B24SC, V826732B24SA, V826632B24SA, V826632B24SC, V826664G24SA, V826764B24SA, V826764B24SB, V826664G24SC, V54C3128804VBL, V54C3128164VBL, V54C3128804VCL, V54C3128164VCL, V54C3128804VB,

V54C3128164VB, V54C3128804VC, V54C3128164VC, V54C3128804VB, V54C3128804VC, V54C3128164VB,        V54C3128164VC,        V54C3256164VDL,        V54C3256404VD, V54C3256804VD, V54C3256164VD, V54C3256164VG, V54C3256804VD, V54C3256164VD, V54C365164VE,  V54C465164VE,  V436632S24VD,  V436664S24VD,  V56C1128164MC, V55C1128164MC,        V55C2128164VA,        V55C2128164VC,        V56C1256164MG, V55C1256164MG,        V55C2256164VB,        V55C3256164VB,        V55C3256164VG,        and V55C2256164VG may also infringe the '853 patent.

76.      Upon information and belief, ProMOS has been directly and equivalently infringing under the doctrine of equivalents and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b) and/or contributory infringement under 35 U.S.C. § 271(c), the '853 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, semiconductor devices that include all of the limitations of one or more claims of the '853 patent, including, but not limited to, the BBOT64M8M-37 DDR2 SDRAM, V58C2256164SBT5 DDR SDRAM, and other similar semiconductor devices, and/or other products made, used, sold, offered for sale, or imported by ProMOS that contain semiconductor devices that include all of the limitations of one or more claims of the '853 patent. Upon information and belief, the V58C2128164SBI5,        V58C2512164SAI5,        V59C1G01808QA,        V59C1G01808QB, V59C1G01168QB,        V59C1256164QA,        V59C1512164QAL,        V59C1512404QA, V59C1512804QA, V59C1512164QA, V59C1512404QB, V59C1512804QB, V59C1512164QB, V59C1512404QC, V59C1512804QC, V59C1512164QC, V916765K24QA, V916765K24QB, V916865K28QB,  V916765K24QC,  V916866K28QB,  V916732J24QA,  V916732J24QB,

V916732J24QC, V916764K24QA, V916764K24QB, V916764K24QC, V917565K24QA, V917565K24QB, V917665K28QB, V917565K24QC, V917666K28QB, V917564K24QA, V917564K24QB, V917565N24QB, V917565U24QB, V917565N24QC, V917666N28QB, V917666U28QB, V917564U24QA, V917564U24QB, V58C2128804SB, V58C2128164SB, V58C2128804SC, V58C2128164SC, V58C2128804SB, V58C2128164SB, V58C2256324SA, V58C2256404SC, V58C2256804SC, V58C2256164SC, V58C2256164SG, V58C2256804SC, V58C2256164SC, V58C2512404SA, V58C2512804SA, V58C2512164SA, V58C2512804SB, V58C2512164SB, V58C2512804SA, V58C2512164SA, V826765K24SA, V826765K24SB, V826616J24SA, V826616J24SC, V826632K24SA, V826732J24SA, V826632K24SC, V826764K24SA, V826664K24SA, V826764K24SB, V826664K24SC, V827565K24SA, V827565K24SB, V827432K24SA, V827432K24SC, V827464K24SA, V827564K24SA, V827564K24SB, V827464K24SC, V827565N24SA, V827565N24SB, V827432U24SA, V827432U24SC, V827564U24SA, V827464N24SA, V827564U24SB, V827464N24SC, V826765G24SA, V826765G24SB, V826616B24SC, V826732B24SA, V826632B24SA, V826632B24SC, V826664G24SA, V826764B24SA, V826764B24SB, V826664G24SC, V54C3128804VBL, V54C3128164VBL, V54C3128804VCL, V54C3128164VCL, V54C3128804VB, V54C3128164VB, V54C3128804VC, V54C3128164VC, V54C3128804VB, V54C3128804VC, V54C3128164VB, V54C3128164VC, V54C3256164VDL, V54C3256404VD, V54C3256804VD, V54C3256164VD, V54C3256164VG, V54C3256804VD, V54C3256164VD, V54C365164VE, V54C465164VE, V436632S24VD, V436664S24VD, V56C1128164MC, V55C1128164MC, V55C2128164VA, V55C2128164VC, V56C1256164MG, V55C1256164MG, V55C2256164VB, V55C3256164VB, V55C3256164VG, and V55C2256164VG may also infringe the '853 patent. These

semiconductor devices and/or products containing these semiconductor devices perform substantially the same function as the inventions embodied in one or more claims of the '853 patent in substantially the same way to achieve the same result.

77.     Upon information and belief, these semiconductor devices and/or products containing these semiconductor devices have no substantial non-infringing uses, and ProMOS had knowledge of the non-staple nature of these semiconductor devices and/or products containing these semiconductor devices and the '853 patent throughout the entire period of its infringing conduct or at least by December 3, 2008, when ProMOS was formally placed on notice of its infringement.

78.     Upon information and belief, SanDisk has been directly and literally infringing under 35 U.S.C. § 271(a) and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b) and/or contributory infringement under 35 U.S.C. § 271(c), the '853 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, semiconductor devices that include all of the limitations of one or more claims of the '853 patent, including, but not limited to, the TC58NVG4D1DTG00 16G NAND Flash, TC58NVG3D4CTG00 NAND Flash, and other similar semiconductor devices, and/or other products made, used, sold, offered for sale, or imported by SanDisk that contain semiconductor devices that include all of the limitations of one or more claims of the '853 patent. Upon information and belief, the iNAND and MLC NAND may also infringe the '853 patent.

79.     Upon information and belief, SanDisk has been directly and equivalently infringing under the doctrine of equivalents and/or indirectly infringing, by way of inducement

with specific intent under 35 U.S.C. § 271(b) and/or contributory infringement under 35 U.S.C. § 271(c), the '853 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, semiconductor devices that include all of the limitations of one or more claims of the '853 patent, including, but not limited to, the TC58NVG4D1DTG00 16G NAND Flash, TC58NVG3D4CTG00 NAND Flash, and other similar semiconductor devices, and/or other products made, used, sold, offered for sale, or imported by SanDisk that contain semiconductor devices that include all of the limitations of one or more claims of the '853 patent. Upon information and belief, the iNAND and MLC NAND may also infringe the '853 patent. These semiconductor devices and/or products containing these semiconductor devices perform substantially the same function as the inventions embodied in one or more claims of the '853 patent in substantially the same way to achieve the same result.

80.     Upon information and belief, these semiconductor devices and/or products containing these semiconductor devices have no substantial non-infringing uses, and SanDisk had knowledge of the non-staple nature of these semiconductor devices and/or products containing these semiconductor devices and the '853 patent throughout the entire period of its infringing conduct or at least by September 17, 2008, when SanDisk was formally placed on notice of its infringement.

81.     Upon information and belief, Sony has been directly and literally infringing under 35 U.S.C. § 271(a) and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b) and/or contributory infringement under 35 U.S.C. § 271(c), the '853 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or

through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, semiconductor devices that include all of the limitations of one or more claims of the '853 patent, including, but not limited to, the CXB1441R 1.65GBPS NRZ Digital Video Cable Equalizer IC, CXB2975CGG Graphics Processor, and other similar semiconductor devices, and/or other products made, used, sold, offered for sale, or imported by Sony that contain semiconductor devices that include all of the limitations of one or more claims of the '853 patent, including, but not limited to, the LCD Projection TV KDF-60XBR950, Plasma TV KDE42XBR950, Game Console PlayStation 3, and other similar products.

82.    Upon information and belief, Sony has been directly and equivalently infringing under the doctrine of equivalents and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b) and/or contributory infringement under 35 U.S.C. § 271(c), the '853 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, semiconductor devices that include all of the limitations of one or more claims of the '853 patent, including, but not limited to, the CXB1441R 1.65GBPS NRZ Digital Video Cable Equalizer IC, CXB2975CGG Graphics Processor, and other similar semiconductor devices, and/or other products made, used, sold, offered for sale, or imported by Sony that contain semiconductor devices that include all of the limitations of one or more claims of the '853 patent, including, but not limited to, the LCD Projection TV KDF-60XBR950, Plasma TV KDE42XBR950, Game Console PlayStation 3, and other similar products. These semiconductor devices and/or products containing these semiconductor devices perform substantially the same

function as the inventions embodied in one or more claims of the '853 patent in substantially the same way to achieve the same result.

83.     Upon information and belief, these semiconductor devices and/or products containing these semiconductor devices have no substantial non-infringing uses, and Sony had knowledge of the non-staple nature of these semiconductor devices and/or products containing these semiconductor devices and the '853 patent throughout the entire period of its infringing conduct or at least by April 1, 2009, when Sony was formally placed on notice of its infringement.

84.     Upon information and belief, STMicro has been directly and literally infringing under 35 U.S.C. § 271(a) and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b) and/or contributory infringement under 35 U.S.C. § 271(c), the '853 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, semiconductor devices that include all of the limitations of one or more claims of the '853 patent, including, but not limited to, the S550B1A CMOS Image Sensor, M59DR032A 32M Dual Block Flash, and other similar semiconductor devices, and/or other products made, used, sold, offered for sale, or imported by STMicro that contain semiconductor devices that include all of the limitations of one or more claims of the '853 patent. Upon information and belief, the STM8S, ST6, ST7, μPSD, ST10, STM32, STR7, STR9, ST19, ST21, ST23, ST32, M48T02, M48T08, M48T08Y, M48T12, M48T128Y, M48T129V, M48T129Y, M48T18, M48T35, M48T35AV, M48T35Y, M48T37V, M48T37Y, M48T512Y, M48T58, M48T58Y, M48T86, M440T1MV, M48T201V, M48T201Y, M48T212V, M48Z02, M48Z08, M48Z12, M48Z128, M48Z128Y, M48Z129V, M48Z18,

M48Z2M1V, M48Z2M1Y, M48Z32V, M48Z35, M48Z35AV, M48Z35Y, M48Z512A, M48Z512AY, M48Z58, M48Z58Y, STA013, STA016A, STA015, STA016T, STA310, STA027, STA330, TDA7590, and STA331 may also infringe the '853 patent.

85.    Upon information and belief, STMicro has been directly and equivalently infringing under the doctrine of equivalents and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b) and/or contributory infringement under 35 U.S.C. § 271(c), the '853 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, semiconductor devices that include all of the limitations of one or more claims of the '853 patent, including, but not limited to, the S550B1A CMOS Image Sensor, M59DR032A 32M Dual Block Flash, and other similar semiconductor devices, and/or other products made, used, sold, offered for sale, or imported by STMicro that contain semiconductor devices that include all of the limitations of one or more claims of the '853 patent. Upon information and belief, the STM8S, ST6, ST7, μPSD, ST10, STM32, STR7, STR9, ST19, ST21, ST23, ST32, M48T02, M48T08, M48T08Y, M48T12, M48T128Y, M48T129V, M48T129Y, M48T18, M48T35, M48T35AV, M48T35Y, M48T37V, M48T37Y, M48T512Y, M48T58, M48T58Y, M48T86, M440T1MV, M48T201V, M48T201Y, M48T212V, M48Z02, M48Z08, M48Z12, M48Z128, M48Z128Y, M48Z129V, M48Z18, M48Z2M1V, M48Z2M1Y, M48Z32V, M48Z35, M48Z35AV, M48Z35Y, M48Z512A, M48Z512AY, M48Z58, M48Z58Y, STA013, STA016A, STA015, STA016T, STA310, STA027, STA330, TDA7590, and STA331 may also infringe the '853 patent. These semiconductor devices and/or products containing these semiconductor

devices perform substantially the same function as the inventions embodied in one or more claims of the '853 patent in substantially the same way to achieve the same result.

86.   Upon information and belief, these semiconductor devices and/or products containing these semiconductor devices have no substantial non-infringing uses, and STMicro had knowledge of the non-staple nature of these semiconductor devices and/or products containing these semiconductor devices and the '853 patent throughout the entire period of its infringing conduct or at least by August 15, 2008, when STMicro was formally placed on notice of its infringement.

87.   Upon information and belief, Toshiba has been directly and literally infringing under 35 U.S.C. § 271(a) and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b) and/or contributory infringement under 35 U.S.C. § 271(c), the '853 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, semiconductor devices that include all of the limitations of one or more claims of the '853 patent, including, but not limited to, the TC58NVG4D1DTG00 NAND Flash, TC58NVG3D4CTG00 NAND Flash, TMP19A43FDXBG 32-Bit RISC MCU, and other similar semiconductor devices, and/or other products made, used, sold, offered for sale, or imported by Toshiba that contain semiconductor devices that include all of the limitations of one or more claims of the '853 patent, including, but not limited to, the Hard Drive MK4032GAX, Hard Drive MK3008GAL, Printer E-Studio 3511, Notebook Satellite L300D-245, and other similar products. Upon information and belief, the TC58NVG3S0ETA00, TH58NVG4D4CTGI0, TC58NYG1S3EBA15, TH58NVG5D1DTG20, and TH58NVG2S3BTG00 may also infringe the '853 patent. Upon information and belief, the

Satellite Notebook Family and e-STUDIO Printer Family may also contain semiconductor devices that infringe the '853 patent.

88.     Upon information and belief, Toshiba has been directly and equivalently infringing under the doctrine of equivalents and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b) and/or contributory infringement under 35 U.S.C. § 271(c), the '853 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, semiconductor devices that include all of the limitations of one or more claims of the '853 patent, including, but not limited to, the TC58NVG4D1DTG00 NAND Flash, TC58NVG3D4CTG00 NAND Flash, TMP19A43FDXBG 32-Bit RISC MCU, and other similar semiconductor devices, and/or other products made, used, sold, offered for sale, or imported by Toshiba that contain semiconductor devices that include all of the limitations of one or more claims of the '853 patent, including, but not limited to, the Hard Drive MK4032GAX, Hard Drive MK3008GAL, Printer E-Studio 3511, Notebook Satellite L300D-245, and other similar products. Upon information and belief, the TC58NVG3S0ETA00, TH58NVG4D4CTGI0, TC58NYG1S3EBA15, TH58NVG5D1DTG20, and TH58NVG2S3BTG00 may also infringe the '853 patent. Upon information and belief, the Satellite Notebook Family and e-STUDIO Printer Family may also contain semiconductor devices that infringe the '853 patent. These semiconductor devices and/or products containing these semiconductor devices perform substantially the same function as the inventions embodied in one or more claims of the '853 patent in substantially the same way to achieve the same result.

89.     Upon information and belief, these semiconductor devices and/or products containing these semiconductor devices have no substantial non-infringing uses, and Toshiba had knowledge of the non-staple nature of these semiconductor devices and/or products containing these semiconductor devices and the '853 patent throughout the entire period of its infringing conduct or at least by September 17, 2008, when Toshiba was formally placed on notice of its infringement.

90.     Upon information and belief, Cirrus has been directly and literally infringing under 35 U.S.C. § 271(a) and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b) and/or contributory infringement under 35 U.S.C. § 271(c), the '853 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, semiconductor devices that include all of the limitations of one or more claims of the '853 patent, including, but not limited to, the 42L51C Low Power Stereo Codec and other similar semiconductor devices, such as the 42L52CNZ, CS4245-CQZ, and CS4202JQZ, and/or other products made, used, sold, offered for sale, or imported by Cirrus that contain semiconductor devices that include all of the limitations of one or more claims of the '853 patent.

91.     Upon information and belief, Cirrus has been directly and equivalently under the doctrine of equivalents and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b) and/or contributory infringement under 35 U.S.C. § 271(c), the '853 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, semiconductor devices that

include all of the limitations of one or more claims of the '853 patent, including, but not limited to, the 42L51C Low Power Stereo Codec and other similar semiconductor devices, such as the 42L52CNZ, CS4245-CQZ, and CS4202JQZ, and/or other products made, used, sold, offered for sale, or imported by Cirrus that contain semiconductor devices that include all of the limitations of one or more claims of the '853 patent. These semiconductor devices and/or products containing these semiconductor devices perform substantially the same function as the inventions embodied in one or more claims of the '853 patent in substantially the same way to achieve the same result.

92.    Upon information and belief, these semiconductor devices and/or products containing these semiconductor devices have no substantial non-infringing uses, and Cirrus had knowledge of the non-staple nature of these semiconductor devices and/or products containing these semiconductor devices and the '853 patent throughout the entire period of its infringing conduct or at least by January 15, 2009, when Cirrus was formally placed on notice of its infringement.

93.    Upon information and belief, ON has been directly and literally infringing under 35 U.S.C. § 271(a) and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b) and/or contributory infringement under 35 U.S.C. § 271(c), the '853 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, semiconductor devices that include all of the limitations of one or more claims of the '853 patent, including, but not limited to, the NCV85085 Low Dropout Voltage Regulator and other similar semiconductor devices, and/or other products made, used, sold, offered for sale, or imported by ON that contain semiconductor

devices that include all of the limitations of one or more claims of the '853 patent. Upon information and belief, the 0W344-004-XTP, 0W344-005-XTP, 0W588-002-XUA, 0W633-001-XTP, 0W888-002-XTP, CAT28F001, CAT28F512, CAT28F010, CAT28F020, CAT22C10, CAT24C44, EIA-232D, EIA-422-A, EIA-423, EIA-423-A, A5191HRTLG-XTD, A5191HRTLG-XTP, A5191HRTPG-XTD, A5191HRTPG-XTP, AMIS30600LINI1G, AMIS30600LINI1RG, AMIS30660CANH2RG, AMIS30660CANH6G, AMIS30660CANH6RG, AMIS30663CANG2G, AMIS30663CANG2RG, AMIS41682CANM1G, AMIS41682CANM1RG, AMIS41683CANN1G, AMIS41683CANN1RG, AMIS42665TJAA1G, AMIS42665TJAA1RG, AMIS42665TJAA3L, AMIS42665TJAA3RL, AMIS42665TJAA6G, AMIS42665TJAA6RG, AMIS42671ICAB1G, AMIS42671ICAB1RG, AMIS42673ICAG1G, AMIS42673ICAG1RG, AMIS42675ICAA1G, AMIS42675ICAA1RG, AMIS42700WCGA4H, AMIS42700WCGA4RH, AMIS42770ICAW1G, AMIS42770ICAW1RG, AMIS-49200-XTD, AMIS-49200-XTP, AMIS-49250-XTD, AMIS-49250-XTP, JLC1562BFELG, JLC1562BFG, JLC1562BNG, MC1488D, MC1488DG, MC1488DR2, MC1488DR2G, MC1488MELG, MC1488MG, MC1488P, MC1488PG, MC1489AD, MC1489ADG, MC1489ADR2, MC1489ADR2G, MC1489AMELG, MC1489AMG, MC1489AP, MC1489APG, MC1489D, MC1489DG, MC1489DR2, MC1489DR2G, MC1489MELG, MC1489MG, MC1489P, MC1489PG, MC26LS30D, MC26LS30DG, MC26LS30DR2, MC26LS30DR2G, MC3488AD, MC3488ADR2, MC3488ADR2G, MC3488AP1, MC3488AP1G, MC75172BDW, MC75172BDWG, MC75172BDWR2, MC75172BDWR2G, MC75174BDW, MC75174BDWG, MC75174BDWR2, MC75174BDWR2G, MC75174BP, MC75174BPG, NCP1080DEG, NCP1080DER2G, NCP1081DEG, NCP1081DER2G, NCP1082DEG, NCP1082DER2G,

NCP1083DEG, NCP1083DER2G, NCV7321D10G, NCV7321D10R2G, NCV7341D21G, NCV7341D21R2G, NCV7356D1G, NCV7356D1R2G, NCV7356D2G, NCV7356D2R2G, NCV7361ADG, NCV7361ADR2G may also infringe the '853 patent.

94.     Upon information and belief, ON has been directly and equivalently infringing under the doctrine of equivalents and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b) and/or contributory infringement under 35 U.S.C. § 271(c), the '853 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, semiconductor devices that include all of the limitations of one or more claims of the '853 patent, including, but not limited to, the NCV85085 Low Dropout Voltage Regulator and other similar semiconductor devices, and/or other products made, used, sold, offered for sale, or imported by ON that contain semiconductor devices that include all of the limitations of one or more claims of the '853 patent. Upon information and belief, the 0W344-004-XTP, 0W344-005-XTP, 0W588-002-XUA, 0W633-001-XTP, 0W888-002-XTP, CAT28F001, CAT28F512, CAT28F010, CAT28F020, CAT22C10, CAT24C44, EIA-232D, EIA-422-A, EIA-423, EIA-423-A, A5191HRTLG-XTD, A5191HRTLG-XTP, A5191HRTPG-XTD, A5191HRTPG-XTP, AMIS30600LINI1G, AMIS30600LINI1RG, AMIS30660CANH2RG, AMIS30660CANH6G, AMIS30660CANH6RG, AMIS30663CANG2G, AMIS30663CANG2RG, AMIS41682CANM1G, AMIS41682CANM1RG, AMIS41683CANN1G, AMIS41683CANN1RG, AMIS42665TJAA1G, AMIS42665TJAA1RG, AMIS42665TJAA3L, AMIS42665TJAA3RL, AMIS42665TJAA6G, AMIS42665TJAA6RG, AMIS42671ICAB1G, AMIS42671ICAB1RG, AMIS42673ICAG1G, AMIS42673ICAG1RG, AMIS42675ICAA1G,

AMIS42675ICAA1RG, AMIS42700WCGA4H, AMIS42700WCGA4RH, AMIS42770ICAW1G, AMIS42770ICAW1RG, AMIS-49200-XTD, AMIS-49200-XTP, AMIS-49250-XTD, AMIS-49250-XTP, JLC1562BFELG, JLC1562BFG, JLC1562BNG, MC1488D, MC1488DG, MC1488DR2, MC1488DR2G, MC1488MELG, MC1488MG, MC1488P, MC1488PG, MC1489AD, MC1489ADG, MC1489ADR2, MC1489ADR2G, MC1489AMELG, MC1489AMG, MC1489AP, MC1489APG, MC1489D, MC1489DG, MC1489DR2, MC1489DR2G, MC1489MELG, MC1489MG, MC1489P, MC1489PG, MC26LS30D, MC26LS30DG, MC26LS30DR2, MC26LS30DR2G, MC3488AD, MC3488ADR2, MC3488ADR2G, MC3488AP1, MC3488AP1G, MC75172BDW, MC75172BDWG, MC75172BDWR2, MC75172BDWR2G, MC75174BDW, MC75174BDWG, MC75174BDWR2, MC75174BDWR2G, MC75174BP, MC75174BPG, NCP1080DEG, NCP1080DER2G, NCP1081DEG, NCP1081DER2G, NCP1082DEG, NCP1082DER2G, NCP1083DEG, NCP1083DER2G, NCV7321D10G, NCV7321D10R2G, NCV7341D21G, NCV7341D21R2G, NCV7356D1G, NCV7356D1R2G, NCV7356D2G, NCV7356D2R2G, NCV7361ADG, NCV7361ADR2G may also infringe the '853 patent. These semiconductor devices and/or products containing these semiconductor devices perform substantially the same function as the inventions embodied in one or more claims of the '853 patent in substantially the same way to achieve the same result.

95. Upon information and belief, these semiconductor devices and/or products containing these semiconductor devices have no substantial non-infringing uses, and ON had knowledge of the non-staple nature of these semiconductor devices and/or products containing these semiconductor devices and the '853 patent throughout the entire period of its infringing