IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HSM PORTFOLIO LLC and<br>TECHNOLOGY PROPERTIES LIMITED LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>FUJITSU LIMITED; et al.,<br><br>        Defendants | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 11-770 (SD)<br>)<br>)<br>)<br>) |

**JOINDER OF XILINX, INC. IN
ON SEMICONDUCTOR'S MOTION TO DISMISS PLAINTIFFS'
INDIRECT INFRINGEMENT CLAIMS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

OF COUNSEL:

Kenneth R. Adamo
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Marc H. Cohen
KIRKLAND & ELLIS LLP
950 Page Mill Road
Palo Alto, CA 94304
(650) 859-7000

Kimberly A. Schmitt
KIRKLAND & ELLIS LLP
555 California Street, 24th Floor
San Francisco, CA 94104
(415) 439-1400

October 24, 2011

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Xilinx, Inc.*

# TABLE OF CONTENTS

|   |   | Page |
|---|---|---|
| I. | NATURE AND STAGE OF PROCEEDINGS | 1 |
| II. | SUMMARY OF ARGUMENT | 2 |
| III. | STATEMENT OF FACTS | 2 |
| IV. | ARGUMENT | 4 |
| V. | CONCLUSION | 6 |

# TABLE OF AUTHORITIES

**Pages**

**Cases**

*Ashcroft v. Iqbal*,
 129 S. Ct. 1937 (2009) .................................................................................................... 2

*Eon Corp. IP Holdings LLC v. FLO TV Inc.*, No. 10-812-SLR,
 2011 WL 2708945 (D. Del. July 12, 2011) .................................................................. 4, 6

*Global-Tech Appliances, Inc. v. SEB SA.*,
 131 S. Ct. 2060 (2011) .................................................................................................. 4, 6

*Mallinckrodt Inc. v. E-Z-EM Inc.*,
 670 F. Supp. 2d 349 (D. Del. 2009) ................................................................................ 5

*Xpoint Techs., Inc. v. Microsoft Corp.*,
 730 F. Supp. 2d 349 (D. Del. 2010) ................................................................................ 5

**Statutes**

28 U.S.C. § 1404 .................................................................................................................. 1

35 U.S.C. § 271 ........................................................................................................... 3, 4, 5

**Rules**

FED. R. CIV. P. 12 ................................................................................................................ 1

FED. R. CIV. P. 20 ................................................................................................................ 1

FED. R. CIV. P. 21 ................................................................................................................ 1

I.     **NATURE AND STAGE OF PROCEEDINGS**

On September 1, 2011, Plaintiffs HSM Portfolio LLC and Technology Properties Limited LLC ("Plaintiffs") filed their Complaint against Xilinx, Inc. ("Xilinx") and seventeen groups of defendants. (D.I. 1). Plaintiffs allege four counts of infringement of U.S. Patent Nos. 5,030,853 ("the '853 patent"), 5,391,949 ("the '949 patent"), 5,247,212, and 5,001,367 in seven different combinations against the eighteen groups of defendants. Plaintiffs assert only the '853 and the '949 patents against Xilinx and seek damages from Xilinx for alleged direct and indirect infringement. (*Id.* ¶¶ 38-39; 96-98; 135-137).

Co-defendant ON Semiconductor has moved under Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiffs' indirect infringement claims of the '853 patent ("ON Semiconductor's Motion To Dismiss"). (D.I. 45, 46). Xilinx has moved under Fed. R. Civ. P. 20(a)(2) to dismiss for misjoinder or, in the alternative, to sever Plaintiffs' claims against Xilinx under Fed. R. Civ. P. 21 and transfer them to the Northern District of California under 28 U.S.C. § 1404(a) ("Xilinx's Motion To Dismiss For Misjoinder"). If the Court grants Xilinx's Motion To Dismiss For Misjoinder, Xilinx's present joinder in ON Semiconductor's Motion To Dismiss is moot and need not be considered.

Xilinx hereby joins ON Semiconductor's Motion To Dismiss because Plaintiffs have lodged identical conclusory allegations of indirect infringement against all defendants, and the arguments presented in ON Semiconductor's brief in support of its motion apply equally to the indirect infringement claims of the '853 and the '949 patents against Xilinx. To avoid inundating the Court with multiple identical motions, Xilinx joins ON Semiconductor's Motion To Dismiss and incorporates by reference ON Semiconductor's brief and any documents submitted in support of its motion as though set forth fully herein. For the reasons set forth in ON Semiconductor's Motion To Dismiss and this Joinder, Plaintiffs' indirect infringement

1

claims against Xilinx should be dismissed for failure to state a claim upon which relief can be granted.

## II. SUMMARY OF ARGUMENT

Plaintiffs fail to allege sufficient facts to support their conclusory allegations that Xilinx indirectly infringed the '853 and the '949 patents. The Complaint does not adequately plead facts necessary to support the requisite elements of either an induced or contributory infringement claim, including: (i) that Xilinx knowingly induced or contributed to others' infringement of the '853 and the '949 patents, (ii) that Xilinx actually knew that any allegedly induced acts constituted patent infringement, or specifically intended to do so; (iii) how Xilinx contributed to any other person's infringement; or (iv) that Xilinx had actual knowledge that some combination for which its products were especially made was both patented and infringing. Instead, the Complaint merely contains "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements," which "do not suffice" under the basic pleading standards. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Because Plaintiffs have failed to allege the facts necessary to state a claim for indirect infringement, their claims against Xilinx for induced and contributory infringement should be dismissed.

## III. STATEMENT OF FACTS

On September 1, 2011, Plaintiffs filed their Complaint against eighteen groups of defendants alleging infringement of four patents. (D.I. 1). Only the '853 and the '949 patents are asserted against Xilinx. (D.I. 1 ¶¶ 38-39; 96-98; 135-137).

Plaintiffs accuse Xilinx of "directly…and/or indirectly infringing" the '853 and the '949 patents "by making, using, offering to sell, and/or selling…and/or importing" products including the "XC5LX50T-FFG665C FPGA and other similar semiconductor devices" as well as thirteen families of FPGA products that Plaintiffs believe "may also infringe" the '853 and the '949

2

patents. (*Id.* ¶¶ 96; 135). Plaintiffs' conclusory infringement allegations against Xilinx are identical to its claims against ON Semiconductor and the remaining defendants, except for the replacement of the other defendants' product names and the alleged dates the other defendants were on notice of the applicable patents-in-suit. (*Cf., e.g., id.* ¶¶ 93-95 with ¶¶ 96-98).

The conclusory allegations of infringement of the '853 patent against Xilinx are contained in three paragraphs of the Complaint, just like they are for ON Semiconductor and the remaining defendants:

> 96.     Upon information and belief, Xilinx has been directly and literally infringing under 35 U.S.C. § 271(a) and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b) and/or contributory infringement under 35 U.S.C. § 271(c), the '853 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, semiconductor devices that include all of the limitations of one or more claims of the '853 patent, including, but not limited to, the XC5LX50T-FFG665C FPGA and other similar semiconductor devices, and/or other products made, used, sold, offered for sale, or imported by Xilinx that contain semiconductor devices that include all of the limitations of one or more claims of the '853 patent. Upon information and belief, the Virtex-5 LX, Virtex-5 LXT, Virtex-5 SXT, Virtex-5 FXT, Virtex-5 TXT, Virtex-4 LX, Virtex-4 SX, Virtex-4 FX, Virtex-II Pro, Virtex-II, Virtex-E EM, Virtex-E, Virtex may also infringe the '853 patent.

(*Id.* ¶¶ 96-98). Paragraph 97 repeats the same conclusory infringement allegations made in paragraph 96, but asserts infringement under the doctrine of equivalents, and adds only that these devices "perform substantially the same function as the inventions embodied in one or more claims of the '853 patent in substantially the same way to achieve the same result." (*Id.* ¶ 97). Paragraph 98 then adds a conclusory and formulaic recitation of certain elements of indirect infringement under § 271, alleging:

> 98.     Upon information and belief, these semiconductor devices and/or products containing these semiconductor devices have no substantial non-infringing uses, and Xilinx had knowledge of the non-staple nature of these semiconductor devices and/or products containing these semiconductor devices and the '853

patent throughout the entire period of its infringing conduct or at least by January 15, 2009, when Xilinx was formally placed on notice of its infringement.

(*Id.* ¶ 98).

Similarly, the conclusory allegations of infringement of the '949 patent against Xilinx are contained in three paragraphs of the Complaint, just like they are for the '853 patent. (*Id.* ¶¶ 135-137). Plaintiff's indirect infringement allegations for the '949 patent are identical to the '853 patent, with the exception of different patent numbers used in each paragraph. (*Id.*)

## IV. ARGUMENT

Indirect infringement claims require both a showing of knowledge and intent. To prove inducement under 35 U.S.C. § 271(b), Plaintiffs must show that there has been direct infringement by someone other than Xilinx, and that Xilinx knowingly induced such acts which it knew constituted patent infringement with a specific intent to do so. *Global-Tech Appliances, Inc. v. SEB SA.*, 131 S. Ct. 2060, 2068 (2011) ("Accordingly, we now hold that induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement."). Thus, "a complaint stating a claim for inducement ***must allege the requisite knowledge and intent.***" *Eon Corp. IP Holdings LLC v. FLO TV Inc.*, No. 10-812-SLR, 2011 WL 2708945, at *3 (D. Del. July 12, 2011) (emphasis added). Nowhere in the Complaint do Plaintiffs plead any facts from which it could be reasonably inferred that Xilinx knowingly induced any acts of direct infringement, that Xilinx had actual knowledge that its alleged activities would result in infringement, or that Xilinx had a specific intent to encourage another person's direct infringement when it began marketing its FPGA products. Plaintiffs do not even identify the underlying acts of direct infringement. Therefore Plaintiffs have failed to plead *any* facts to support their conclusory allegations of indirect infringement by inducement.

Similarly, Plaintiffs' Complaint recites only conclusory allegations of contributory infringement without any facts. To prove contributory infringement under 35 U.S.C. § 271(c), Plaintiffs must establish that Xilinx offered to sell, sold, or imported a "component of an infringing product knowing the component to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use." *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 356 (D. Del. 2010) (citation omitted); *see also* 35 U.S.C. § 271(c); *Mallinckrodt Inc. v. E-Z-EM Inc.*, 670 F. Supp. 2d 349, 354-55 (D. Del. 2009). To be liable for contributory infringement, a defendant must know "that the combination for which his component was especially designed was both patented and infringing" and that his component has "no substantial non-infringing uses." *Global Tech*, 131 S.Ct. at 2067. Further, the defendant must have the "requisite knowledge of the patent-in-suit at the time of infringement." *Eon Corp.*, 2011 WL 2708945, at *3; *Xpoint*, 730 F. Supp. 2d at 356 (same). There is no allegation that Xilinx provided a material part of the invention or knew that any combination for which its components were especially made was patented and infringing. Plaintiffs have failed to plead *any* such facts to establish its claims of contributory infringement.

Plaintiffs' Complaint, therefore, fails to adequately state claims of induced or contributory infringement upon which relief can be granted. Xilinx incorporates the arguments set forth in ON Semiconductor's Motion To Dismiss as if set forth fully herein. Accordingly, Plaintiffs' indirect infringement claims should be dismissed for failure to plead the requisite elements to state claims for inducement or contributory infringement of the '853 and the '949 patents as to Xilinx.

## V. CONCLUSION

Should the Court deny Xilinx's concurrently filed Motion to Dismiss for Misjoinder, Xilinx respectfully requests that the Court dismiss Plaintiffs' claims against Xilinx for induced or contributory infringement of the '853 and the '949 patents for the reasons set forth above and as set forth in ON Semiconductor's Motion To Dismiss.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jack Blumenfeld

Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Xilinx, Inc.*

OF COUNSEL:

Kenneth R. Adamo
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
(312) 862-2000

Marc H. Cohen
KIRKLAND & ELLIS LLP
950 Page Mill Road
Palo Alto, CA  94304
(650) 859-7000

Kimberly A. Schmitt
KIRKLAND & ELLIS LLP
555 California Street, 24th Floor
San Francisco, CA  94104
(415) 439-1400

October 24, 2011
4559134.1

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2011, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

Joseph J. Farnan, Jr., Esquire
Brian E. Farnan, Esquire
FARNAN LLP

Mary B. Graham, Esquire
MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Richard L. Horwitz, Esquire
David E. Moore, Esquire
POTTER ANDERSON & CORROON LLP

John W. Shaw, Esquire
YOUNG CONAWAY STARGATT & TAYLOR, LLP

Julia Heaney, Esquire
MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jeffrey L. Moyer, Esquire
Jason J. Rawnsley, Esquire
RICHARDS, LAYTON & FINGER, P.A.

Frederick L. Cottrell, III, Esquire
Anne Shea Gaza, Esquire
RICHARDS, LAYTON & FINGER, P.A.

Karen Jacobs Louden, Esquire
Richard J. Bauer, Esquire
MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Thomas L. Halkowski, Esquire
FISH & RICHARDSON P.C.

I further certify that I caused copies of the foregoing document to be served on October 24, 2011, upon the following in the manner indicated:

Joseph J. Farnan, Jr., Esquire                                              *VIA ELECTRONIC MAIL*
Brian E. Farnan, Esquire
FARNAN LLP
919 North Market Street
12th Floor
Wilmington, DE 19801
*Attorneys for Plaintiffs*

| | |
|---|---|
| Michael W. Shore, Esquire<br>Alfonso Garcia Chan, Esquire<br>Jeffrey R. Bragalone, Esquire<br>Sean N. Hsu, Esquire<br>Daniel F. Olejko, Esquire<br>SHORE CHAN BRAGALONE DEPUMPO LLP<br>Bank of America Plaza<br>901 Main Street<br>Suite 3300<br>Dallas, TX 75202<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Jeffrey L. Moyer, Esquire<br>Jason J. Rawnsley, Esquire<br>RICHARDS, LAYTON & FINGER, P.A.<br>920 North King Street<br>One Rodney Square<br>Wilmington, DE 19801<br>*Attorneys for STMicroelectronics Inc. and STMicroelectronics, N.V.* | *VIA ELECTRONIC MAIL* |
| Mary B. Graham, Esquire<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>1201 North Market Street<br>Wilmington, DE 19801<br>*Attorneys for Zoran Corporation* | *VIA ELECTRONIC MAIL* |
| Frederick L. Cottrell, III, Esquire<br>Anne Shea Gaza, Esquire<br>RICHARDS, LAYTON & FINGER, P.A.<br>920 North King Street<br>One Rodney Square<br>Wilmington, DE 19801<br>*Attorneys for Advanced Micro Devices Inc., Micron Technology Inc., Toshiba Corporation, Toshiba America, Inc. and Toshiba America Electronic Components, Inc.* | *VIA ELECTRONIC MAIL* |
| Gregory L. Lippetz, Esquire<br>JONES DAY<br>1755 Embarcadero Road<br>Palo Alto, CA 94303<br>*Attorneys for SanDisk Corporation* | *VIA ELECTRONIC MAIL* |

Richard L. Horwitz, Esquire                                              *VIA ELECTRONIC MAIL*
David E. Moore, Esquire
POTTER ANDERSON & CORROON LLP
1313 North Market Street
Wilmington, DE 19801
*Attorneys for Freescale Semiconductor, Inc.*
*and Qualcomm Inc.*

Steven M. Strauss, Esquire                                               *VIA ELECTRONIC MAIL*
COOLEY LLP
4401 Eastgate Mall
San Diego, CA 92121
*Attorneys for Qualcomm Inc.*

Jeffrey S. Karr, Esquire                                                 *VIA ELECTRONIC MAIL*
Timothy S. Teter, Esquire
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
*Attorneys for Qualcomm Inc.*

Karen Jacobs Louden, Esquire                                             *VIA ELECTRONIC MAIL*
Richard J. Bauer, Esquire
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
Wilmington, DE 19801
*Attorneys for ON Semiconductor Corporation*

John W. Shaw, Esquire                                                    *VIA ELECTRONIC MAIL*
YOUNG CONAWAY STARGATT & TAYLOR, LLP
1000 West Street
17th Floor
Wilmington, DE 19801
*Attorneys for Elpida Memory, Inc. and Elpida*
*Memory (USA) Inc.*

Julia Heaney, Esquire                                                    *VIA ELECTRONIC MAIL*
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
Wilmington, DE 19801
*Attorneys for Cirrus Logic, Inc.*

Alan D. Albright, Esquire                                    *VIA ELECTRONIC MAIL*
Barry K. Shelton, Esquire
BRACEWELL & GIULIANI LLP
111 Congress Avenue
Suite 2300
Austin, TX 78701
*Attorneys for Cirrus Logic, Inc.*

Thomas L. Halkowski, Esquire                                 *VIA ELECTRONIC MAIL*
FISH & RICHARDSON P.C.
222 Delaware Avenue
17th Floor
Wilmington, DE 19801
*Attorneys for Nvidia Corporation*

Katherine Kelly Lutton, Esquire                              *VIA ELECTRONIC MAIL*
FISH & RICHARDSON, P.C.
500 Arguello Street
Suite 500
Redwood City, CA 94063
*Attorneys for Nvidia Corporation*

Lewis V. Popovski, Esquire                                   *VIA ELECTRONIC MAIL*
Michelle Carniaux, Esquire
Joseph M. Mercadante, Esquire
KENYON & KENYON, LLP
One Broadway
New York, NY 10004-1007
*Attorneys for Sony Corporation, Sony
Corporation of America, Sony Electronics Inc.,
Sony Computer Entertainment Inc., Sony
Computer Entertainment America LLC*

/s/ Jack B. Blumenfeld
_____
Jack B. Blumenfeld (#1014)

4