IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HSM PORTFOLIO LLC and TECHNOLOGY )
PROPERTIES LIMITED LLC,                           )
                                                                    )
                              Plaintiff,                      )
                                                                    )   C.A. No. 11-770 (RGA)
                v.                                              )
                                                                    )
FUJITSU LIMITED, *et al.*,                       )
                                                                    )
                              Defendants.                )

**ON SEMICONDUCTOR'S REPLY BRIEF IN SUPPORT OF ITS**
**MOTION TO DISMISS PLAINTIFFS' INDIRECT INFRINGEMENT CLAIMS**

MORRIS NICHOLS, ARSHT & TUNNELL LLP

Karen Jacobs Louden (#2881)
Richard J. Bauer (#4828)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
klouden@mnat.com
rbauer@mnat.com
  *Attorneys for ON Semiconductor Corporation*

November 30, 2011

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ............................................................................................................... 1

ARGUMENT ..................................................................................................................... 1

I.    PLAINTIFFS MISCHARACTERIZE THE *TWOMBLY* AND *IQBAL* PLEADING
      STANDARD, AS WELL AS THIS COURT'S DECISIONS ........................................... 1

II.   THE COMPLAINT FAILS TO STATE A CLAIM FOR INDIRECT
      INFRINGEMENT. .................................................................................................. 6

      A.    Plaintiffs Fail To Allege Sufficient Facts That Could Support
            All The Required Elements Of Induced Infringement ......................................... 6

      B.    Plaintiffs Fail To Allege Sufficient Facts That Could Support
            All The Required Elements For Contributory Infringement. ................................ 9

CONCLUSION ................................................................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

C ASES

*Air Vent, Inc. v. Owens Corning Corp.*,
  No. 10-01699, 2011 U.S. Dist. LEXIS 70833 (W.D.Pa. June 30, 2011) ................................7

*Ashcroft v. Iqbal*,
  556 U.S. ___, 129 S. Ct. 1937 (2009) ..........................................................................*Passim*

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ......................................................................................................*Passim*

*Best Med. Int'l, Inc. v. Accuray, Inc.*,
  No. 10-1043, 2010 U.S. Dist. LEXIS 128367 (W.D. Pa., Dec. 2, 2010)................................7

*DR Sys. v. Avreo, Inc.*,
  No. 11-932, 2011 U.S. Dist. LEXIS 117646 (S.D. Cal. Oct. 11, 2011)..................................2

*e-Lynxx Corp. v. InnerWorkings, Inc.*,
  No. 10-2535, 2011 U.S. Dist. LEXIS 91273 (M.D. Pa. July 26, 2011)..............................2, 7

*Elan Microelectronics Corp. v. Apple, Inc.*,
  No. 09-01531, 2009 U.S. Dist. LEXIS 83715 (N.D. Cal. Sept. 14, 2009)..............................2

*EON Corp. IP Holdings LLC v. FLO TV Inc.*,
  No. 10-812-SLR, __F. Supp. 2d__, 2011 WL 2708945 (D. Del. July 12, 2011) .............3, 4, 7

*Fowler v. UPMC Shadyside*,
  578 F.3d 203 (3d Cir. 2009) ..................................................................................................3

*Fujitsu Ltd. v. Belkin Int'l, Inc.*,
  No. 10-3972, 2011 U.S. Dist. LEXIS 34076 (N.D. Cal. Mar. 29, 2011) ............................8-9

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  563 U.S. ___, 131 S.Ct. 2060 (2011) .....................................................................................9

*InvestPic, LLC v. FactSet Research Sys., Inc.*,
  No. 10-1028-SLR, 2011 WL 4591078 (D. Del. Sept. 30, 2011).....................................5, 6, 7

*Mallinckrodt Inc. v. E-Z-EM Inc.*,
  670 F. Supp. 2d 349 (D. Del. 2009) ("*Mallinckrodt I*")................................................*Passim*

*Mallinckrodt Inc. v. E-Z-EM Inc.*,
  671 F. Supp. 2d 563 (D. Del. 2009) ("*Mallinckrodt II*")................................................5-6, 10

*Medsquire LLC v. Spring Medical Sys. Inc.*,
    No. 11-4504, 2011 U.S. Dist. LEXIS 107416 (N.D. Cal. Aug. 31, 2011) ..............................2

*Minkus Elec. Display Sys., Inc. v. Adaptive Micro Sys. LLC*,
    No. 10-666-SLR, 2011 U.S. Dist. LEXIS 26827 (D. Del. Mar. 16, 2011) .........................4, 9

*Nielsen Co. (US), LLC v. Comscore, Inc.*,
    No. 11-168, 2011 U.S. Dist. LEXIS 120188 (E.D. Va. Aug. 19, 2011) .................................2

*Oy Ajat, Ltd. v. Vatech Am., Inc.*,
    No. 10-4875, 2011 U.S. Dist. LEXIS 41354 (D.N.J. Apr. 14, 2011) .................................7, 8

*Sharafabadi v. Univ. of Idaho*,
    No. 09-104, 2009 U.S. Dist. LEXIS 110904 (W.D. Wash. Nov. 27, 2009)............................2

*Xpoint Techs., Inc. v. Microsoft Corp.*,
    730 F. Supp. 2d 349 (D. Del. 2010) ................................................................................4, 7

## RULES AND STATUTES

35 U.S.C. § 271.....................................................................................................................9

## INTRODUCTION

In their Opposition, Plaintiffs[1] again fail to point to facts alleged in the Complaint that could plausibly support their indirect infringement claims.  Instead, they argue that "a plaintiff's pleading obligations are met with ***allegations*** that the defendant had knowledge of the patent-in-suit," and that the other elements of induced or contributory infringement "can be inferred" from these allegations.  (D.I. 81 at 12; *id.* at 9-16).[2]  Not only are those arguments contrary to controlling case law, but Plaintiffs' assertions that they have alleged that ON Semiconductor Corporation ("ON Semiconductor") received "notice" of its alleged infringement cannot be squared with the Complaint itself.  Without underlying factual allegations to support their indirect infringement claims, Plaintiffs' claims for both inducement and contributory infringement against ON Semiconductor do not meet the "plausibility" standard set forth in *Twombly* and *Iqbal* and, therefore, should be dismissed.

## ARGUMENT

I.   PLAINTIFFS MISCHARACTERIZE THE *TWOMBLY* AND *IQBAL* PLEADING STANDARD, AS WELL AS THIS COURT'S DECISIONS

Plaintiffs cite *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and argue in a conclusory fashion that their "allegations clearly satisfy these standards under the relevant case law from this District," citing Form 18 in the Appendix of the Federal Rules of Civil Procedure.  (D.I. 81 at 5-7).  As Plaintiffs acknowledge, however, Form 18 applies only to direct infringement claims.[3]  (*Id.* at 6).  It does not apply to

---

[1]   "Plaintiffs" refer to HSM Portfolio LLC and Technology Properties Limited LLC.

[2]   Emphasis added unless otherwise indicated.

[3]   Contrary to Plaintiffs' suggestion (*id.* at 1, 6), ON Semiconductor did not concede that "Plaintiffs properly pleaded claims for direct infringement" simply because its motion to dismiss "focuses on Plaintiffs' claims for indirect infringement."  ON Semiconductor reserves all rights to challenge the sufficiency and substance of those claims at the appropriate time.  (*See* D.I. 45; D.I. 46 at 1 n.2).

claims of indirect infringement.  *See, e.g., e-Lynxx Corp. v. InnerWorkings, Inc.*, No. 10-2535, 2011 U.S. Dist. LEXIS 91273, at *18 (M.D. Pa. July 26, 2011) ("Form 18 provides an example of pleadings that sufficiently make out a claim for direct infringement, but neither this form nor any other purports to address claims for indirect infringement.").  "[B]ecause Form 18 does ***not*** address induced infringement or contributory infringement, the ***heightened pleading*** standard[s] of *Twombly* and *Iqbal* apply to allegations of induced infringement and contributory infringement."  *DR Sys. v. Avreo, Inc.*, No. 11-932, 2011 U.S. Dist. LEXIS 117646, *7 (S.D. Cal. Oct. 11, 2011); *Medsquire LLC v. Spring Medical Sys. Inc.*, No. 11-4504, 2011 U.S. Dist. LEXIS 107416, at *7-8 (C.D. Cal. Aug. 31, 2011) ("Form 18 is inapplicable to claims of indirect or contributory infringement.  Therefore, the plausibility standards of *Twombly* and *Iqbal* apply to these allegations without debate.") (citations omitted).[4]

Since *Twombly* and *Iqbal*, a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.  Pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" requires well-pleaded facts for every element of a claim, not just some. *Iqbal,* 129 S. Ct. at 1949.

Indeed, as the Third Circuit recognized, following *Twombly* and *Iqbal,* "pleading standards have seemingly shifted from simple notice pleading to a ***more heightened form of***

---

[4]    *See also Nielsen Co. (US), LLC v. Comscore, Inc.*, No. 11-168, 2011 U.S. Dist. LEXIS 120188, at 31 (E.D. Va. Aug. 19, 2011) ("[P]laintiff's claims of indirect infringement must be evaluated under the standard set forth in *Twombly* and *Iqbal*, without reference to the language of Form 18, which only relates to claims of direct infringement."); *Sharafabadi v. Univ. of Idaho*, No. 09-103, 2009 U.S. Dist. LEXIS 110904, at *14 n.7 (W.D. Wash. Nov. 27, 2009) ("Form 18 only addresses direct infringement, not indirect infringement"); *Elan Microelectronics Corp. v. Apple, Inc.*, No. 09-1531, 2009 U.S. Dist. LEXIS 83715, at *2 (N.D. Cal. Sept. 14, 2009) (same).

*pleading*, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Rather, a civil complaint "must now set out 'sufficient factual matter' to show that the claim is facially plausible." *Id.* "Consistent with **this court's heightened pleading requirement for indirect infringement claims**," a claim for induced or contributory infringement must allege sufficient facts to demonstrate that the claim is plausible. *EON Corp. IP Holdings LLC v. FLO TV Inc.*, C.A. No. 10-812-SLR, __F. Supp. 2d__, 2011 WL 2708945, at *5 (D. Del. July 12, 2011).

The Supreme Court requires more than threadbare allegations in a complaint so that defendants are not unnecessarily subjected to the burdens of litigation. *Iqbal*, 129 S.Ct. at 1950 (Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). A complaint must therefore allege more than a "mere possibility of misconduct," thereby preventing a plaintiff with a "largely groundless claim" from "tak[ing] up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." *Twombly*, 550 U.S. at 557-58 (citations omitted). Courts curtail this risk by dismissing complaints that fail to give rise to a give rise to a plausible claim for relief. *Santiago v. Warminster Twp.*, 629 F.3d 121, 134 n.10 (3d Cir. 2010) ("The Supreme Court has struck the balance, [] and we abide by it"). That remedy is appropriate here.

In their Opposition, Plaintiffs assert that "ON Semiconductor has not cited even one case from this District that dismissed similar allegations of indirect infringement," but "relies on distinguishable authority from courts in other districts." (D.I. 81 at 1). That is wrong. In its Opening Brief (D.I. 46 at 6-8, 10-11), ON Semiconductor pointed out that this Court has dismissed indirect infringement claims that, like Plaintiffs', failed to meet the plausibility standard set forth in *Twombly* and *Iqbal*. *See EON*, 2011 WL 2708945, at *3; *Minkus Elec.*

*Display Sys., Inc. v. Adaptive Micro Sys. LLC*, No. 10-666-SLR, 2011 U.S. Dist. LEXIS 26827, at *16 (D. Del. Mar. 16, 2011), *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 356 (D. Del. 2010); *Mallinckrodt Inc. v. E-Z-EM Inc.*, 670 F. Supp. 2d 349, 354 (D. Del. 2009) ("*Mallinckrodt I*"). Plaintiffs have no response to these cases other than to call them "factually distinguishable" because "the parties failed to make any allegation that the plaintiff formally notified the defendant of its infringement of the patent(s)-in-suit." (D.I. 81 at 10).

Contrary to Plaintiffs' assertions, however, this Court dismissed the indirect infringement claims in those cases because there, as here, the plaintiff failed to plead facts sufficient to plausibly demonstrate the requisite elements of inducement and contributory infringement. *See, e.g.*, *EON*, 2011 WL 2708945, at *4 ("Plaintiff *fails to allege sufficient facts* . . . to adequately state a claim of indirect infringement," despite allegations that defendants were aware of the patent-in-suit from certain license agreements and plaintiff's filing of the lawsuit); *Minkus*, 2011 U.S. Dist. LEXIS 26827, at *16 ("Plaintiff *failed to plead facts sufficient* to plausibly demonstrate defendants' knowledge of the [asserted] patent. … Instead, it resorts to a *mere recitation of the elements* for indirect infringement, which is *insufficient*."); *Xpoint*, 730 F. Supp. 2d at 357 (dismissing indirect infringement claims against three defendants, despite allegation that "at all relevant times, defendants have had actual and constructive notice that their conduct infringed," holding plaintiff "*fail[ed] to allege sufficient facts*"); *Mallinckrodt I*, 670 F. Supp. 2d at 354 ("Even when viewed in the light most favorable to Plaintiffs, the Complaint *does not plead sufficient facts* to permit a reasonable inference that Defendants' actions explicitly or implicitly induced anyone to use the allegedly infringing device."). *Cf. InvestPic, LLC v. FactSet Research Sys., Inc.*, No. 10-1028-SLR, 2011 WL 4591078, at *2 (D. Del. Sept. 30, 2011) (denying motion to dismiss in part because plaintiff alleged facts demonstrating that patent-in-

suit "is well-known in the industry – having been cited by at least 79 issued U.S. patents since 2001"); *Carl Zeiss Meditec, Inc. v. Xoft, Inc.*, No. 10-308-LPS, 2011 U.S. Dist. LEXIS 36785, at *12-13 (D. Del. Apr. 5, 2011) (granting leave to amend because "plaintiffs **alleged facts** demonstrating potential direct infringement … [defendant's] **knowledge** of the patents-in-suit **and** [third party's] **infringement** and [defendant's] **aiding and abetting** of third party's] **direct infringement** through the **merger agreement**").[5]

---

[5]     Plaintiffs' extensive reliance on *Mallinckrodt Inc. v. E-Z-EM Inc.*, 671 F. Supp. 2d 563 (D. Del. 2009) ("*Mallinckrodt II*"), is misplaced.  As an initial matter, "Defendants [did] **not** specifically contend that the amended indirect infringement claims fail[ed] to meet minimum pleading requirements." *Id.* at 568, n.5; *see also Carl Zeiss*, 2011 U.S. Dist. LEXIS 36785, at 11 (defendant "**did not** further contend that the proposed supplemental complaint is insufficient").  Thus, *Mallinckrodt II* is not "controlling authority" where the sufficiency of Plaintiffs' allegations are disputed.  But in any event, the "Amended and Supplemental Complaint" in *Mallinckrodt II* contained much more detailed factual allegations than those alleged here:

> 10. . . . Defendants became aware of the '434 patent on or shortly after the date of its issuance. Defendants have been aware of the '434 patent since at least as early as April 4, 2009, when the original complaint was served on them. Defendants were also aware of the subject matter of the '434 patent since at least as early as October 16, 2007, when E-Z-EM filed with the [USPTO] an Information Disclosure Statement identifying certain prior art, including the application (No. 09/851,462) that resulted in the issuance of the '434 patent.

> 11. On information and belief, Defendants offer to sell, sell, install, instruct on how to install, and/or arrange for installation of their EmpowerMR injector in magnetic resonance imaging ('MRI') suites that have: i) a shielded magnet room having walls that include electromagnetic shielding; ii) an MRI system comprising a magnet that is located inside the magnet room; and iii) an AC power outlet located outside the magnet room. The Defendants also install the EmpowerMR injector so that it accesses and receives power from a power supply of the injector that is located outside the magnet room and that receives power from the AC power outlet. In addition, the Defendants install the EmpowerMR injector so that a power connection of the injector is configured to convey electrical power from the power supply into the magnet room and to a power head of the injector located in the magnet room. The Defendants also install the EmpowerMR injector so that the power connection includes a radio frequency filter.

## II.   THE COMPLAINT FAILS TO STATE A CLAIM FOR INDIRECT INFRINGEMENT.

### A.   Plaintiffs Fail To Allege Sufficient Facts That Could Support All The Required Elements Of Induced Infringement.

In its Opening Brief, ON Semiconductor pointed out that Plaintiffs have altogether failed to plead any facts that could support a plausible claim for induced infringement against ON Semiconductor. (*See* D.I. 46). Specifically, Plaintiffs failed to plead facts sufficient to plausibly demonstrate that ON Semiconductor knowingly induced another's direct infringement of the '853 Patent, that ON Semiconductor actually knew (or was willfully blind to the fact) that the induced acts constituted infringement, and that ON Semiconductor possessed specific intent to encourage that infringement. (*Id.* at 1, 4-6, 8-10).

Plaintiffs do not dispute their Complaint fails to plead these requisite elements – let alone sufficient facts that could support them. Instead, Plaintiffs assert that "none of the cases cited by ON Semiconductor requires that a plaintiff particularly plead such allegations," and that "a plaintiff's pleading obligations are met with allegations that the defendant had knowledge of the patent-in-suit." (D.I. 81 at 12-13; *see also id.* at 1, 4, 9-10). Neither assertion is correct.

First, as the cases ON Semiconductor cited make clear, to state a claim for induced infringement, a plaintiff must allege not only that the defendant ***knowingly induced*** infringement, but that defendant had a ***specific intent to encourage*** that infringement, and knew

---

\*         \*         \*

13.   On information and belief, Defendants have actively induced, and continue to induce, the infringement of one or more claims of the '434 Patent by ***actively inducing*** the making, use, offer for sale, sale, and /or import of certain injectors and injector systems, including but not limited to MR suites with MR injectors marketed under the name EmpowerMR. E-Z-EM ***intends that other***s will use its injector systems ***in a manner that infringes*** the '434 patent.

(*See* C.A. No. 09-228-JJF, D.I. 69 (Amended & Supplemental Complaint) ¶¶ 10-14, attached hereto as Exhibit A).

that the induced acts constituted infringement.  (D.I. 46 at 6-8; *id.* at 7 n.5); *see Air Vent, Inc. v. Owens Corning Corp.*, No. 10-01699, 2011 U.S. Dist. LEXIS 70833, at *12 (W.D.Pa. June 30, 2011) ("The Federal Circuit Court of Appeals has instructed that the plaintiff in an inducement claim **must allege** not only that the defendant **knowingly induced infringement**, but that the defendant had **a specific intent to encourage** that infringement.").[6]  Second, as this Court has also made clear time and again, inducement of patent infringement requires not only a showing that the alleged inducer knew of the patent, but also that the alleged infringer "knowingly induced infringement and possessed specific intent to encourage another's infringement." *Xpoint.,* 730 F. Supp. 2d at 356; *see also EON*, 2011 WL 2708945, at *3 (same); *Mallinckrodt I.,* 670 F. Supp. 2d at 354-55 (same).  Knowledge of the patent alone is not enough.

Plaintiffs have not even come close to pleading sufficient facts to establish that ON Semiconductor knowingly induced infringement.  In particular, there is no **factual** allegation that ON Semiconductor knowingly induced another's direct infringement, that it specifically intended to encourage that infringement, or that it actually knew that the induced acts constituted infringement of the '853 Patent.  (*See* D.I. 1 ¶¶ 93-95; D.I. 46 at 8-10).

In their brief (but **not** their Complaint), Plaintiffs allege that they "identified a specific communication by which ON Semiconductor became aware of the '853 patent." (*Compare* D.I. 81 at 8 *with* D.I. 1 ¶ 95).  Putting aside that Plaintiffs cannot remedy their

---

[6]      *E.g., Oy Ajat, Ltd. v. Vatech Am., Inc*., No. 10-4875, 2011 U.S. Dist. LEXIS 41354, at *6 (D.N.J. Apr. 14, 2011) (recognizing "a plaintiff alleging induced infringement must satisfy the '**rigorous**' standard"); *e-Lynxx*, 2011 U.S. Dist. LEXIS 91273, at *22-23 ("Allegations of a defendant's specific intent to induce infringement are subject to a '**rigorous'** standard … requir[ing] more than just intent," but "an **affirmative intent** to cause direct infringement.") (citation omitted); *Best Med. Int'l, Inc. v. Accuray, Inc.*, No. 10-1043, 2010 U.S. Dist. LEXIS 128367, at *15 (W.D.Pa., Dec. 2, 2010) ("The 'notice' requirement for an 'induced infringement' claim is more **rigorous**, as **Plaintiff must allege** not only that the defendant **knowingly induced infringement** but also that he/she had a **specific intent to encourage that infringement**.").

deficient pleading with factual allegations in a brief, Plaintiffs' conclusory "allegation of formal notice" cannot plausibly demonstrate that ON Semiconductor had the requisite knowledge and intent.[7]   Plaintiffs do not allege that the purported "communication" named any accused products; nor do they allege the content of the "communication" at all.  The Complaint falls far short of alleging that ON Semiconductor had knowledge of possible infringement by the more than 100 other named "products that **may also** infringe."  (D.I. 81 at 3 n.10).  Indeed, Plaintiffs do not explain how ON Semiconductor could have known of such potential when Plaintiffs themselves **do not** even know if any of the named devices infringed.  (*Id.* ("Plaintiffs named various other ON Semiconductor products that **may also infringe** ... directly and indirectly"); D.I. 1 ¶¶ 93-94 (same)).  Such vague allegations are too tenuous to plausibly demonstrate knowledge of the allegedly induced activities, as the law requires.[8]

Plaintiffs also allege no facts that plausibly demonstrate the elements of knowledge that the induced acts constituted actual infringement or specific intent to encourage another's infringement.  Merely because Plaintiffs say ON Semiconductor "received notice" of some unspecified infringement on some date does not give rise to a plausible claim for relief.  *Minkus*, 2011 U.S. Dist. LEXIS 26827, at *16 & n.4 (dismissing indirect infringement claims in part because "Plaintiff did not specify in its complaint how defendants were notified of their alleged infringement"); *see also Fujitsu Ltd. v. Belkin Int'l, Inc.*, No. 10-3972, 2011 U.S. Dist.

---

[7]   Contrary to Plaintiffs' assertion that ON Semiconductor "ignored Plaintiffs' allegation of formal notice until the ninth page of its brief" (*id.* at 8), in fact, ON Semiconductor quoted that conclusory statement in its entirety on the fourth page of its Opening Brief. (D.I. 46 at 4 (quoting D.I. 1 ¶ 95)).

[8]   Even if Plaintiffs had adequately pled their indirect infringement claims (which they did not), Plaintiffs' damages against ON Semiconductor must be limited to alleged acts occurring after December 18, 2008, when ON Semiconductor purportedly "received notice" of its alleged infringement.  (D.I. 81 at 1, 8). *See Oy Ajat*, 2011 U.S. Dist. LEXIS 41354, at *8-9, 14 (dismissing "induced infringement claims that **occurred prior to**" the date when defendant allegedly "received notice" of that infringement).

LEXIS 34076, at *65-66 (N.D. Cal. Mar. 29, 2011) (dismissing indirect infringement claims because plaintiff "ha[d] only alleged in conclusory terms that the defendants have received notice of the patents").

Plaintiffs provide only a rote recital of some of the required elements of inducement, without underlying factual support, alleging only that ON Semiconductor has been "infringing under" 35 U.S.C. § 271(a) *and/or indirectly infringing*, by way of *inducement with specific intent* under 35 U.S.C. § 271(b)." (D.I. 1 ¶¶ 94-95). Such conclusory allegations are precisely the type of "[t]hreadbare recitals of the elements of a cause of action" that "do not suffice." *Iqbal*, 129 S. Ct. at 1949.[9] Because the Complaint "does not plead sufficient facts to permit a reasonable inference that [ON Semiconductor's] actions explicitly or implicitly induced anyone to use the allegedly infringing device" *Mallinckrodt I.*, 670 F. Supp. 2d at 354, Plaintiffs fail to state a claim for induced infringement.

B.     Plaintiffs Fail To Allege Sufficient Facts That Could Support All The Required Elements For Contributory Infringement.

Plaintiffs' contributory infringement claim also is insufficient. As explained in ON Semiconductor's Opening Brief, Plaintiffs do not even plead all the required elements for

---

[9]     Plaintiffs assert there is no requirement that "a defendant must have specific intent only at the time it *began* manufacturing accused devices" such that "the defendant's later intent can be ignored." (D.I. 81 at 12). But Plaintiffs allege no facts that could plausibly show that "ON Semiconductor's intent" to encourage another's infringement "could have formed" even after it had purportedly "received notice of its [direct] infringement." (*Id.*); *Santiago*, 629 F.3d at 132 ("Saying that [defendants] 'specifically sought' to have happen what allegedly happened does not alter the fundamentally *conclusory character* of the allegation."). Plaintiffs' citation to a 1963 decision from the Fifth Circuit to support their argument that "intent to induce infringement" "can be inferred" from the alleged absence of "substantial noninfringing uses" (D.I. 81 at 12), not only ignores the pleading standards of *Twombly* and *Iqbal*, as well as the subjective knowledge and intent requirements articulated in *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. ___, 131 S. Ct. 2060, 2068 (2011), but it confuses the elements of induced and contributory infringement.

contributory infringement – let alone sufficient facts that could support them.  (D.I. 46 at 1-4, 10-11).  Plaintiffs do not dispute that their Complaint fails to allege sufficient facts or even plead that ON Semiconductor sold or offered for sale a "*material part of the invention*," or that ON Semiconductor *actually knew* that the named devices were especially made or adapted for use in an infringement of the '853 Patent.  (*Compare* D.I. 46 at 10-11 *with* D.I. 81 14-16).

Rather than allege well-pleaded facts, Plaintiffs argue that under "the law in this District," "a plaintiff [] need only plead knowledge of the patent-in-suit" to state a claim for contributory infringement.  (D.I. 81 at 6-7; 15).  Plaintiffs further argue that the other elements of a contributory infringement "can be inferred" from their other conclusory allegations.  (*Id.* at 16).  Not so.  Indeed, Plaintiffs' argument is undercut by the *Mallinckrodt II* decision on which Plaintiffs repeatedly rely as "conclusive authority."  (*Id.* at 1, 6, 8-9, 14-15).  In *Mallinckrodt II*, the Court concluded that the Amended and Supplemental Complaint "sufficiently state[d]" a contributory infringement claim because it "*specifically pleads* that Defendants had *knowledge* that the *component is especially made or especially adapted for use* in an infringement of the [asserted] patent."  671 F. Supp. 2d at 569.  Plaintiffs made no such allegations here.

Moreover, if as alleged in Paragraphs 94 and 95, the semiconductor devices that "may also" "directly infringe" without being combined with other components, it is unclear how those same devices could also be "components" especially made or adapted for use in an infringement of the '853 Patent.  These threadbare allegations fall short of the plausibility standards set forth in *Twombly* and *Iqbal*.  It also makes no sense to suggest that any of these semiconductor devices that "may also infringe" are the same devices referenced in Paragraph 95, as Plaintiffs contend.  (D.I. 81 8-9; *id.* at 3 n.10).  Plaintiffs' Complaint, therefore, fails to state a claim for contributory infringement, and should be dismissed.

## CONCLUSION

For the reasons set forth in ON Semiconductor's Opening Brief and herein, ON Semiconductor respectfully requests that the Court grant its motion to dismiss Plaintiffs' claims against ON Semiconductor for induced or contributory infringement of the '853 Patent.

MORRIS NICHOLS, ARSHT & TUNNELL LLP

*/s/ Richard J. Bauer*

Karen Jacobs Louden (#2881)
Richard J. Bauer (#4828)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
klouden@mnat.com
rbauer@mnat.com
   *Attorneys for ON Semiconductor Corporation*

November 30, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2011 I electronically filed the foregoing document, which will send notification of such filing(s) to all registered participants.

I also certify that copies were caused to be served on November 30, 2011 upon the following in the manner indicated:

Joseph J. Farnan, Jr., Esquire                               *VIA ELECTRONIC MAIL*
Brian E. Farnan, Esquire
FARNAN LLP
919 N. Market Street, 12th Floor
Wilmington, DE  19801
*Attorneys for Plaintiffs*

Michael W. Shore, Esquire                                 *VIA ELECTRONIC MAIL*
Alfonso Garcia Chan, Esquire
Jeffrey R. Bragalone, Esquire
Sean N. Hsu, Esquire
Daniel F. Olejko, Esquire
SHORE CHAN BRAGALONE DEPUMPO LLP
Bank of America Plaza
901 Main Street, Ste. 3300
Dallas, TX  75202
*Attorneys for Plaintiff*

Jeffrey L. Moyer, Esquire                                   *VIA ELECTRONIC MAIL*
Jason J. Rawnsley, Esquire
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
One Rodney Square
Wilmington, DE  19801
*Attorneys for Defendant STMicroelectronics Inc.*

Frederick L. Cottrell, III, Esquire                                *VIA ELECTRONIC MAIL*
Anne Shea Gaza, Esquire
Elizabeth Rui He
RICHARDS, LAYTON & FINGER, P.A.
920 N. King Street
One Rodney Square
Wilmington, DE  19801
*Attorneys for Defendant Advanced Micro*
*Devices Inc., Micron Technology Inc.*


Jose C. Villarreal, Esquire                                        *VIA ELECTRONIC MAIL*
Henry Pan, Esquire
WILSON, SONSINI, GOODRICH & ROSATI, PC
900 South Capital of Texas Highway
Las Cimas IV, Fifth Floor
Austin, TX  78746
*Attorneys for Defendant Advanced Micro*
*Devices Inc.,*


Jack B. Blumenfeld, Esquire                                        *VIA ELECTRONIC MAIL*
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
*Attorneys for Defendants Marvell Technology*
*Group Ltd., Marvell Semiconductor, Ltd., Sony*
*Corporation, Sony Corporation of America,*
*Sony Electronics Inc., Sony Computer*
*Entertainment Inc. and Sony Computer*
*Entertainment America LLC, and Xilinx*
*Corporation*


Lewis V. Popovski, Esquire                                         *VIA ELECTRONIC MAIL*
Michelle Carniaux, Esquire
Joseph M. Mercadante, Esquire
KENYON & KENYON, LLP
One Broadway
New York, NY  10004-1007
*Attorneys for Sony Corporation, Sony*
*Corporation of America, Sony Electronics Inc.,*
*Sony Computer Entertainment Inc. and Sony*
*Computer Entertainment America LLC*

Kimberly A. Schmitt, Esquire                          *VIA ELECTRONIC MAIL*
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA  94104
*Attorneys for Xilinx Corporation*

Mary B. Graham, Esquire                               *VIA ELECTRONIC MAIL*
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
*Attorneys for Defendant Zoran Corporation*

Donald E. Reid, Esquire                               *VIA ELECTRONIC MAIL*
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
Wilmington, DE  19801
*Attorneys for SanDisk Corporation*

Gregory L. Lippetz, Esquire                           *VIA ELECTRONIC MAIL*
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
*Attorneys for SanDisk Corporation*

Richard L. Horwitz, Esquire                           *VIA ELECTRONIC MAIL*
David E. Moore, Esquire
POTTER ANDERSON & CORROON LLP
1313 North Market Street
Wilmington, DE  19801
*Attorneys for Qualcomm Inc., Toshiba*
*Corporation, Toshiba America, Inc. and*
*Toshiba America Electronic Components Inc.*

Scott F. Partridge, Esquire                           *VIA ELECTRONIC MAIL*
Michael Hawes, Esquire
BAKER BOTTS L.L.P.
910 Louisiana Street
Houston, TX  77002
*Attorneys for Toshiba Corporation, Toshiba*
*America Inc. and Toshiba America Electronic*
*Components Inc.*

3

Steven M. Strauss                                          *VIA ELECTRONIC MAIL*
COOLEY LLP
4401 Eastgate Mall
San Diego, CA  92121
*Attorneys for Qualcomm Inc.*

Jeffrey S. Karr                                           *VIA ELECTRONIC MAIL*
Timothy S. Teter
COOLEY LLP
3175 Hanover Street
Palo Alto, CA  94304
*Attorneys for Qualcomm Inc.*

John W. Shaw, Esquire                                     *VIA ELECTRONIC MAIL*
YOUNG CONAWAY STARGATT & TAYLOR, LLP
1000 West Street
17th Floor
Wilmington, DE  19801
*Attorneys for Elpida Memory, Inc. and Elpida
Memory (USA) Inc.*

Harrison J. Frahn, Esquire                                *VIA ELECTRONIC MAIL*
Jeffrey E. Ostrow, Esquire
Patrick E. King, Esquire
Simpson Thacher & Bartlett, LL
2550 Hanover Street
Palo Alto, CA  94304
*Attorneys for Elpida Memory, Inc. and Elpida
Memory (USA) Inc.*

Julia Heaney                                              *VIA ELECTRONIC MAIL*
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
*Attorneys for Cirrus Logic, Inc.*

Alan D. Albright, Esquire                                 *VIA ELECTRONIC MAIL*
Barry K. Shelton, Esquire
BRACEWELL & GIIULIANI LLP
111 Congress Avenue
Suite 2300
Austin, TX  78701
*Attorneys for Cirrus Logic, Inc.*

*/s/ Richard J. Bauer*

Richard J. Bauer (#4828)