IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HSM PORTFOLIO LLC AND TECHNOLOGY PROPERTIES LIMITED LLC, | § § § § | |
| Plaintiffs, | § § | C.A. No. 11-cv-00770-RGA |
| v. | § § | JURY DEMANDED |
| FUJITSU LIMITED, ET AL., | § § § | |
| Defendants. | § | |

## PLAINTIFFS' REPLY TO ELPIDA MEMORY (USA) INC.'S COUNTERCLAIMS

Plaintiffs HSM Portfolio LLC and Technology Properties Limited LLC (collectively, "Plaintiffs") submit this reply to the counterclaims of Elpida Memory (USA) Inc. ("Elpida").[1] Unless expressly admitted, all averments asserted by Elpida in its counterclaims should be deemed denied.

### NATURE OF THE ACTION

1. Plaintiffs admit that Elpida has filed counterclaims pursuant to Rule 13 of the Federal Rules of Civil Procedure for declarations of non-infringement and invalidity of U.S. Patent Nos. 5,030,853 (the "'853 patent") and 5,001,367 (the "'367 patent"), but deny that Elpida is entitled to such relief.

### THE PARTIES

2. Upon information and belief, admitted.

3. Admitted.

---

[1] Despite being named as a defendant in this suit, Defendant Elpida Memory Inc. has not joined Elpida's counterclaims. D.I. 143 at 23-27.

4. Admitted.

## JURISDICTION AND VENUE

5. Admitted.

6. Admitted.

7. Admitted.

8. Plaintiffs admit that venue is proper in this District pursuant to 28 U.S.C. § 1391 and 1400, but deny that venue in this District is not convenient for Elpida under 28 U.S.C. § 1404 and/or that the proper and convenient forum to resolve this action is the U.S. District Court for the Northern District of California.

## COUNT I – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 5,030,853

9. Paragraph 9 of Elpida's counterclaims merely repeats and re-alleges the allegations contained in paragraphs 1 through 8. In response, Plaintiffs incorporate by reference their responses to paragraphs 1 through 8 above.

10. Admitted.

11. Plaintiffs deny that Elpida has not directly infringed and does not directly infringe any valid claim of the '853 patent and that Elpida may reserve the right to amend its counterclaims related to indirect infringement of the '853 patent after the Court rules on Elpida's pending motion to dismiss, but admit that Elpida may amend its counterclaims under Federal Rule of Civil Procedure 15(a) in certain circumstances.

12. Denied.

### COUNT II – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 5,030,853

13. Paragraph 13 of Elpida's counterclaims merely repeats and re-alleges the allegations contained in paragraphs 1 through 12. In response, Plaintiffs incorporate by reference their responses to paragraphs 1 through 12 above.

14. Admitted.

15. Denied.

16. Denied.

### COUNT III – DECLARATORY OF NON-INFRINGEMENT OF U.S. PATENT NO. 5,001,367

17. Paragraph 17 of Elpida's counterclaims merely repeats and re-alleges the allegations contained in paragraphs 1 through 16. In response, Plaintiffs incorporate by reference their responses to paragraphs 1 through 16 above.

18. Admitted.

19. Plaintiffs deny that Elpida has not directly infringed and does not directly infringe any valid claim of the '367 patent and that Elpida may reserve the right to amend its counterclaims related to indirect infringement of the '367 patent after the Court rules on Elpida's pending motion to dismiss, but admit that Elpida may amend its counterclaims under Federal Rule of Civil Procedure 15(a) in certain circumstances.

20. Denied.

### COUNT IV – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 5,001,367

21. Paragraph 21 of Elpida's counterclaims merely repeats and re-alleges the allegations contained in paragraphs 1 through 20. In response, Plaintiffs incorporate by reference their responses to paragraphs 1 through 20 above.

22. Admitted.

23. Denied.

24. Denied.

## RELIEF REQUESTED

Plaintiffs deny that Elpida is entitled to any of the relief it requests.

## DEMAND FOR JURY TRIAL

Elpida's demand for jury trial does not require a response.

## AFFIRMATIVE DEFENSES

1. Elpida's counterclaims fail to state a claim upon which relief may be granted and, in particular, fail to state a claim on which there is a justifiable action for declaratory judgment, because all of the matters asserted in Elpida's counterclaims can and should be fully adjudicated on Plaintiffs' claims against Elpida for infringement of the '853 and '367 patents.

2. Plaintiffs have not knowingly or voluntarily waived any applicable affirmative defense, and reserve the right to assert and rely upon such other applicable affirmative defenses as may become available or apparent during discovery and investigation.

## PRAYER FOR RELIEF

Plaintiffs respectfully request that Elpida's counterclaims be dismissed and costs assessed against Elpida, and that the Court grant such other relief as the Court deems just and proper.

DATED: January 17, 2012                     Respectfully submitted,

                                                        **FARNAN LLP**

                                                        */s/ Brian E. Farnan*
                                                        Joseph J. Farnan, Jr. (Bar No. 100245)
                                                        Brian E. Farnan (Bar No. 4089)
                                                        919 North Market Street, 12th Fl.
                                                        Wilmington, Delaware 19801
                                                        302-777-0300 Telephone
                                                        302-777-0301 Facsimile
                                                        farnan@farnanlaw.com
                                                        bfarnan@farnanlaw.com

                                                        Jeffrey R. Bragalone (admitted *pro hac vice*)
                                                        Michael W. Shore (admitted *pro hac vice*)
                                                        Alfonso Garcia Chan (admitted *pro hac vice*)
                                                        Sean N. Hsu (admitted *pro hac vice*)
                                                        Daniel F. Olejko (admitted *pro hac vice*)
                                                        **SHORE CHAN BRAGALONE**
                                                        **DEPUMPO LLP**
                                                        Bank of America Plaza
                                                        901 Main Street, Suite 3300
                                                        Dallas, Texas 75202
                                                        214-593-9110 Telephone
                                                        214-593-9111 Facsimile
                                                        jbragalone@shorechan.com
                                                        shore@shorechan.com
                                                        achan@shorechan.com
                                                        shsu@shorechan.com
                                                        dolejko@shorechan.com

                                                        *Attorneys for Plaintiffs*
                                                        **HSM PORTFOLIO LLC AND**
                                                        **TECHNOLOGY PROPERTIES LIMITED LLP**