IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HSM PORTFOLIO LLC AND TECHNOLOGY PROPERTIES LIMITED LLC, | § § § § | |
| Plaintiffs, | § § | C.A. No. 11-cv-00770-RGA |
| v. | § § | JURY DEMANDED |
| FUJITSU LIMITED, ET AL., | § § § | |
| Defendants. | § § | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS MARVELL TECHNOLOGY GROUP LTD. AND MARVELL SEMICONDUCTOR, LTD.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM**

Plaintiffs HSM Portfolio LLC and Technology Properties Limited LLC (collectively, "Plaintiffs") submit this response in opposition to Defendants Marvell Technology Group Ltd. ("MTGL") and Marvell Semiconductor, Ltd.'s ("MSL") (collectively, "Marvell") Motion to Dismiss Plaintiffs' Complaint for Lack of Personal Jurisdiction and Failure to State a Claim (the "Motion to Dismiss").[1] Therein, Marvell argues (1) that the Court lacks personal jurisdiction over MTGL because it lacks any contacts with Delaware related to the alleged infringement and (2) that the Court should dismiss Plaintiffs' Original Complaint against Marvell for failure to state a claim because both MTGL and MSL are passive holding companies with no connection to the alleged infringement.[2] Marvell submits that Marvell Semiconductor Inc. ("MSI") is the operating company responsible for the accused products.[3]

---

[1] D.I. 125.
[2] *See generally* D.I. 126.
[3] *See generally id.*

On January 9, 2012, after Marvell filed the Motion to Dismiss, Plaintiffs filed an Amended Complaint against Marvell pursuant to Federal Rule of Civil Procedure 15(a)(1)(B),[4] which adds MSI as a defendant and supplements Plaintiffs' allegations against Marvell. By filing the Amended Complaint in accordance with Rule 15(a)(1) "as a matter of course," Plaintiffs have rendered Marvell's Motion to Dismiss moot. It is well settled that such an amendment renders a pending motion to dismiss moot and requires that the defendant seek dismissal of the amended complaint. *See Owens v. Connections Cmty. Support Programs, Inc.*, Civ. No. 11-123-SLR, 2012 WL 37153, at *1 (D. Del. Jan. 6, 2012) ("Defendants' motion to dismiss became moot upon the filing of the amended complaint.").[5] Accordingly, Marvell's Motion to Dismiss should be denied as moot.

Plaintiffs would note that the filing of their Amended Complaint against the Marvell entities was not made for purposes of delay. Rather, Plaintiffs and the Marvell entities are currently discussing a proposed stipulation that would eliminate the need for the Court to address the jurisdictional issues raised by Marvell's Motion to Dismiss, including whether MTGL and MSL are properly named defendants. In the event that the parties are unable to reach agreement to such a stipulation, and in the event Marvell re-files its Motion to Dismiss despite the new allegations of Plaintiffs' Amended Complaint, Plaintiffs intend to request leave to conduct

---

[4] D.I. 152.
[5] *See also Merritt v. Fogel*, 349 F. App'x 742, 745 (3d Cir. 2009) ("[T]he District Court should have construed Merritt's initial motion, to which his amended complaint was attached, as the filing of that amended complaint. That filing would have rendered moot defendants' motions to dismiss."); *Howard v. R.J. Reynolds Tobacco Co.*, No. 1:05CV-27, 2005 WL 2088909, at *2 (E.D. Tenn. Aug. 25, 2005) (denying motion to dismiss for lack of personal jurisdiction as moot after plaintiff filed an amendment as a matter of course); *Standard Chlorine of Del., Inc. v. Sinibaldi*, 821 F. Supp. 232, 239-40 (D. Del. 1992) ("Standard, however, filed an Amended Complaint, which, in the Court's view, rendered moot Defendants' motion to dismiss the original Complaint.").

limited jurisdictional discovery in order to respond fully to the jurisdictional allegations made by MTGL.

DATED: January 17, 2012                             Respectfully submitted,

**FARNAN LLP**

*/s/ Brian E. Farnan*
Joseph J. Farnan, Jr. (Bar No. 100245)
Brian E. Farnan (Bar No. 4089)
919 North Market Street, 12th Fl.
Wilmington, Delaware 19801
302-777-0300 Telephone
302-777-0301 Facsimile
farnan@farnanlaw.com
bfarnan@farnanlaw.com

Jeffrey R. Bragalone (admitted *pro hac vice*)
Michael W. Shore (admitted *pro hac vice*)
Alfonso Garcia Chan (admitted *pro hac vice*)
Sean N. Hsu (admitted *pro hac vice*)
Daniel F. Olejko (admitted *pro hac vice*)
**SHORE CHAN BRAGALONE DEPUMPO LLP**
Bank of America Plaza
901 Main Street, Suite 3300
Dallas, Texas 75202
214-593-9110 Telephone
214-593-9111 Facsimile
jbragalone@shorechan.com
shore@shorechan.com
achan@shorechan.com
shsu@shorechan.com
dolejko@shorechan.com

*Attorneys for Plaintiffs*
**HSM PORTFOLIO LLC AND
TECHNOLOGY PROPERTIES LIMITED LLP**