IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HSM PORTFOLIO LLC, et al., | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 11-770-RGA |
| FUJITSU LIMITED, et al., | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

Before the Court are various motions to dismiss for failure to state a claim. (D.I. 45, 52, 70, 100, 122, 139, 140, 174). There are two filings joining in the earliest of the motions. (D.I. 53, 121). All motions seek dismissal of all claims of indirect infringement. Some of the motions also seek dismissal of the claims of direct infringement. (D.I. 52, 139, 174). Two of the motions further seek dismissal of the allegations of willfulness. (D.I. 52, 174).

The Plaintiff in its Amended Complaint[1] (D.I. 152) asserts that four patents are infringed, all of which appear to concern logic circuits. The patents are old -- the '367 patent (issued March 19, 1991), the '853 patent (issued July 9, 1991), the '212 patent (issued September 21, 1993), and the '949 patent (issued February 21, 1995). (D.I. 152-1, 152-2, 152-3, 152-4). The amended complaint is 88 pages long, but the allegations, in material respects, are very similar against all defendants.

For example, it is alleged that Toshiba directly and indirectly infringes the '367 patent literally by making, using, selling and/or importing five identified projection televisions and a

---

[1] Much of the briefing was done in relation to the original complaint. The parties have stipulated that such briefing applies equally to the after-filed complaint. (D.I. 164).

"Notebook Tecra" and "other similar products" containing semiconductor devices that infringe the patent. (D.I. 152, ¶ 148). A second paragraph makes the same allegations but says the infringement is "equivalently." (*Id.*, ¶ 149). There is a third paragraph that states the semiconductor devices have "no substantial non-infringing uses" and that Toshiba has "knowledge of the non-staple nature of the products containing these semiconductor devices and the '367 patent throughout the entire period of its infringing conduct or at least by December 19, 2008, when Toshiba was formally placed on notice of its infringement." (*Id.*, ¶ 150). The fourth and last relevant paragraph says the infringement has been "willful and intentional." (*Id.*, ¶ 151).

Toshiba joined ON Semiconductor's Motion to Dismiss Plaintiff's Indirect Infringement Claims. (D.I. 121; *see* D.I. 45). The motions that seek dismissal of the direct infringement claims are based on insufficient identification of the accused products.

The minimal allegations set forth in the counts against each of the defendants (combined with jurisdictional allegations) are all that are required to satisfy Form 18 and to state a claim of direct infringement. *See In re Bill of Lading Transmission and Processing System Patent Litigation,* 2012 WL 2044605, *7 (Fed. Cir. June 7, 2012) ("whether [a complaint] adequately pleads direct infringement is to be measured by the specificity required by Form 18.").[2] Thus, to the extent any of the motions seek to dismiss claims of direct infringement, they will be denied.

The allegations are insufficient to state a claim for indirect infringement. *See generally id.* Among other things, there are no allegations of direct infringement accompanying the allegations of indirect infringement. *See id.* at *5. There is no allegation that the defendant

---

[2] The Federal Circuit further comments, "It will not always be true that a complaint which contains just enough information to satisfy a governing form will be sufficient under *Twombly*...." *Id.* at *7 n.6. Given the citations that follow in the footnote, I do not believe this is meant to be some sort of limitation on the holding in the text.

knew about the existence of the patent-in-suit. *See Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060, 2068 (2011). To the extent the allegations can be read to allege that the defendant knew that the acts it induced or contributed to constituted patent infringement, *see id.* at 2068-70, they are wholly unsupported by any factual allegations. Stating that the defendant was on notice of a patent as of a certain date is insufficient to provide a factual basis for alleging knowledge.

I believe, under the authority of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009), that the claim of "willfulness" may be alleged generally, but that there must be facts alleged that "are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *See id.* at 210-11. Whether the facts are sufficient is a "'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.*

The factual support for the allegations of willfulness made in connection with the patents-in-suit are insufficient. There are none.

Thus, IT IS HEREBY ORDERED this 3rd day of July 2012, that:

1. As to ON Semiconductor, the Motion to Dismiss (D.I. 45) is **GRANTED**. The claims of indirect infringement are **DISMISSED WITHOUT PREJUDICE**. As Advanced Micro and Toshiba joined in this motion (D.I. 53, 121), the claims of indirect infringement asserted against them are also **DISMISSED WITHOUT PREJUDICE.**

2. As to Zoran, the Motion to Dismiss (D.I. 52) is **GRANTED IN PART AND DENIED IN PART.** The claims of indirect infringement and willfulness are **DISMISSED WITHOUT PREJUDICE.** The claim of direct infringement remains.

3. As to Micron Technology, the Motion to Dismiss (D.I. 70) is **GRANTED.** The claims

of indirect infringement are **DISMISSED WITHOUT PREJUDICE.**

4. As to SanDisk, the Motion to Dismiss (D.I. 100) is **GRANTED**. The claims of indirect infringement are **DISMISSED WITHOUT PREJUDICE.**

5. As to Fujitsu, the Motion to Dismiss (D.I. 122) is **GRANTED**. The claims of indirect infringement are **DISMISSED WITHOUT PREJUDICE.**

6. As to Sony, the Motion to Dismiss (D.I. 139) is **GRANTED IN PART AND DENIED IN PART.** The claims of indirect infringement are **DISMISSED WITHOUT PREJUDICE.** The claims of direct infringement remain.

7. As to Elpida, the Motion to Dismiss (D.I. 140) is **ADMINISTRATIVELY CLOSED.** The case against Elpida is stayed because of Elpida's bankruptcy filing. (D.I. 198). When the stay is lifted, Elpida may renew the Motion to Dismiss.

8. As to Marvell Semiconductor, the Motion to Dismiss (D.I. 174) is **GRANTED IN PART AND DENIED IN PART.** The claims of indirect infringement and willfulness are **DISMISSED WITHOUT PREJUDICE.** The claim of direct infringement remains.

9. The Plaintiff is granted **LEAVE TO AMEND** its complaint no later than July 17, 2012.

_____
United States District Judge