IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HSM PORTFOLIO LLC, et al., | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. 11-770-RGA |
| FUJITSU LIMITED, et al., | : | |
| Defendants. | : | |

**ORDER**

At the Discovery Dispute Conference on December 5, 2012, the Court resolved a number of issues. One such issue was the level of protection to be afforded "native circuit schematic files." After consideration of the papers submitted and argument, the Court ruled that the Defendants had not shown that native circuit schematic files deserved the same level of protection as computer source code. (D.I. 297, at 22-23). The consequence is that such materials would be designated as "Highly Confidential – Outside Attorneys' Eyes Only" rather than "Highly Confidential – Source Code." The Defendants asked for permission to submit factual material to rebut the Plaintiffs' Expert's Declaration. The Court granted the request. (*Id.* at 68-69). Additional letters with additional declarations were submitted. (D.I. 300, 304). There was a request for additional oral argument. (D.I. 306). I do not think additional oral argument would be helpful. D.Del. LR 7.1.4.

No one disputes that native circuit schematic files are highly confidential. Of course, the usual practice is that highly confidential information is adequately protected by the "Highly Confidential – Outside Attorneys' Eyes Only" designation.

Before the Discovery Dispute Conference, the Plaintiffs' expert opined, in essence, that

native circuit schematic files cannot be directly used to fabricate integrated circuits since they do not have the necessary information about the physical layout of the chip. (D.I. 294, p.1). The Defendants' expert opined that native circuit schematic files, with automated tools, can be easily used to generate netlists. The expert further opined that additional automated tools "use the netlists to create the physical layout. The layout contains the information needed to build the final integrated circuit." (D.I. 300, Exh. A, ¶18). The Plaintiffs' response, simply stated, is that Defendants' expert makes getting from native circuit schematic files to manufactured integrated circuits seem to be a simple, direct process whereas it is not.

I think the Defendants' expert's declaration is not inconsistent with the Plaintiffs' argument (and declarations) to the effect that native circuit schematics cannot be used to directly fabricate integrated circuit chips. Therefore, I remain unpersuaded that native circuit schematic files require the designation "Highly Confidential–Source Code."

The parties are requested to promptly submit a proposed protective order conformed to the Court's rulings.

1-9-13
Date

United States District Judge