IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **HSM Portfolio LLC** and **Technology Properties Limited LLC,**<br><br>Plaintiffs,<br><br>v.<br><br>**Fujitsu Limited, et al.,**<br><br>Defendants. | Civil Action No. 11-770-RGA |

MEMORANDUM ORDER

Presently before the Court is Plaintiffs' Motion for Reconsideration of the Court's Memorandum Opinion and Claim Construction Order (D.I. 750) and Defendant's Responsive Brief in Opposition. (D.I. 792). It seems that the entirety of this motion is based on the Court incorrectly referring to statements made by the Examiner during a restriction requirement as extrinsic evidence rather than intrinsic evidence. (D.I. 715 at 10). Whether intrinsic or extrinsic, a unilateral statement made by the Examiner during a restriction requirement carries little weight. As explained below, I deny Plaintiffs' Motion for Reconsideration.

Plaintiffs argue that "bit line" should not have been construed to require connection to a memory circuit, but rather should be construed to only have the capability to be connected to a memory circuit. I disagree. The arguments presented by the Plaintiffs are the same arguments presented at the Markman hearing and in the briefing. The only difference is that Plaintiffs now

1

propose a different construction of "bit line."[1] The time to propose claim constructions has passed. While I need not entertain these arguments, I will briefly discuss them.

Plaintiffs argue that the dependent claims are drawn to the combination of a DLI circuit and a memory, and requiring that a bit line be connected to a memory in claim 1 would negate the dependent claims which claim the combination. Apparently this was the exact same issue the PTO had with the dependent claims, as the Examiner expressed confusion with the relevance of the "plurality of memory cells" in the dependent claims. (D.I. 676 Ex. 16 at 4). In response, the patentee clarified that claim 1 did not claim "a plurality of memory cells," but is only "used 'for sensing signals on first and second bit lines of memory,'" whereas the dependent claims recite the combination of the DLI and the memory cells. (D.I. 676 Ex. 13 at 5).

The patentee's explanation is completely consistent with the Court's construction. Claim 1 does not require the combination of the DLI and the memory cells. It merely requires the presence of a "bit line." The specification consistently described "bit lines" in the context of memory. (*See, e.g.*, '949 patent at 5:25-33). And as explained in the claim construction opinion, "bit line," as used in the body of the claim, is a limitation. (D.I. 715 at 11). While the Court's construction might negate the Examiner's reasoning for issuing the restriction requirement, this is of little weight. Restriction requirements are merely administrative case management tools. The Examiner does not construe the claims during a restriction; he merely requires the applicant to elect one invention to prosecute. *See Honeywell Int'l. v. ITT Indus., Inc.*, 452 F.3d 1312, 1319 (Fed. Cir. 2006).

---

[1] Plaintiffs' first proposed construction was "plain meaning." Plaintiffs' second proposed construction was "signal lines for transmitting binary values." (D.I. 715 at 9). Plaintiffs' new proposal is "a pair of different conductive lines that are capable of being connected to a memory." (D.I. 750 at 5). Plaintiffs do not state whether this is also the plain meaning.

2

As explained above, while I referred to intrinsic evidence as extrinsic, this did not result in a clear error of law or fact. Plaintiffs' Motion for Reconsideration of the Court's Memorandum Opinion and Claim Construction Order (D.I. 750) is **DENIED**.

Entered this 12th day of August, 2014.

*Richard G. Andrews*
United States District Judge