IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **HSM Portfolio LLC** and **Technology Properties Limited LLC**, <br><br> Plaintiffs, <br><br> v. <br><br> **Fujitsu Limited, et al.**, <br><br> Defendants. | Civil Action No. 11-770-RGA |

MEMORANDUM ORDER

Presently before the Court is Defendants' Motion for Judgment on the Pleadings Under Fed. R. Civ. P. 12(c) on Indirect Infringement (D.I. 717, filed June 17, 2014) and related briefing. (D.I. 718, 752, 781).

Defendants Toshiba Corporation, Toshiba America, Inc., and Toshiba America Electronic Components, Inc. set forth three reasons that the Third Amended Complaint (D.I. 427, filed August 20, 2013) fails to properly plead indirect infringement: (1) Plaintiffs cannot establish contributory infringement because there is no allegation that Toshiba sells a component of the alleged invention; (2) Plaintiffs cannot establish a claim for induced infringement based on Toshiba's sales within the United States because those sales are already subject to direct infringement liability; and (3) Plaintiffs cannot establish a claim for induced infringement based on Toshiba's foreign sales because the alleged activities fail to show any active encouragement by Toshiba for its customers to import their products into the United States. Plaintiffs respond that Defendants' motion comes nearly two years after Defendants answered the same allegations

1

present in the Second Amended Complaint (D.I. 206, filed July 17, 2012) and that Defendants apply the wrong legal standard by failing to accept the well-pled facts of the complaint or to consider them in the light most favorable to Plaintiffs. *See Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991).

"Under 35 U.S.C. § 271(c), a patentee must demonstrate that an alleged contributory infringer has sold, offered to sell or imported into the United States a component of an infringing product 'knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.' Therefore, § 271(c) 'require[s] a showing that the alleged contributory infringer knew that the combination for which [its] component was especially designed was both patented and infringing.'" *Netgear, Inc. v. Ruckus Wireless, Inc.*, 852 F. Supp. 2d 470, 476 (D. Del. 2012). In order to plead contributory infringement, the complaint must allege that the defendant: "(1) had knowledge of the patent; (2) sold products especially made for [the combination product's] infringing use; (3) had knowledge of the infringing use; (4) sold products with no substantial noninfringing use; and (5) [the combination product] directly infringed." *Id.* (footnote omitted).

Toshiba's main argument is that the accused semiconductor chips are not components especially designed for an infringing product because they are accused of direct infringement in and of themselves. I agree. Plaintiffs contend that the "allegations make clear...that the 'component[s]' are the accused Toshiba semiconductor devices, whereas the 'patented machine[s]' are the finished products sold by Toshiba's customers." (D.I. 752 at p. 18). In support of this assertion, Plaintiffs cite to a single paragraph in the complaint. That paragraph states, "Upon information and belief, each and every use of Toshiba's semiconductor devices

2

necessarily involves the infringing features of the patents-in-suit." (D.I. 427 ¶ 220). Contributory infringement requires "a *component* of a patented [invention]." 35 U.S.C. § 271(c) (emphasis added). The reason that it is necessary to plead that the component has no substantial noninfringing uses is that the component alone does not directly infringe.[1] Plaintiffs' arguments do not make legal sense. I would therefore dismiss the contributory infringement claim, had the motion been timely filed.[2] I do not believe that Plaintiffs have a valid contributory infringement claim,[3] but that will have to wait for summary judgment.

As for Toshiba's argument regarding induced infringement based on domestic sales, I find it unpersuasive. Toshiba argues that because it might be found liable for direct infringement, based on the same actions of which it is accused of induced infringement, I should dismiss the claim for induced infringement. I agree that, should Toshiba be found liable for direct infringement, there would be no additional liability for induced infringement based upon the same acts. However, Toshiba makes a plea to "judicial economy" for the dismissal of this claim. (D.I. 718 at p. 7). Had Toshiba raised this argument earlier, I might have agreed. The Third Amended Complaint was filed on August 20, 2013. (D.I. 427). While Toshiba stated that the reason for the delay was intervening caselaw, none of those cases were cited in regard to this particular argument.

Turning to Toshiba's argument regarding induced infringement based on foreign sales, I agree with the Plaintiffs that Toshiba conflates the standard for pleadings with that for summary

---

[1] ROBERT L. HARMON, PATENTS AND THE FEDERAL CIRCUIT 553 (11th ed. 2013) ("Section 271(c) codified [a] common type of [infringement], where a seller would sell a component that was itself not technically covered by the claims of a product or process patent but that had no other use except with the claimed product or process.").
[2] Toshiba styles its motion as one for judgment on the pleadings. Toshiba does not, however, rely upon anything other than Plaintiffs' Third Amended Complaint. Toshiba's motion is really just an untimely motion to dismiss.
[3] I also do not believe that Plaintiffs can amend their contributory infringement claim to state a claim, but, if they think they can, they ought to seek leave to do so.

3

judgment. Toshiba cites to *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899 (Fed. Cir. 2014) as the reason for the delay in bringing this motion. (D.I. 781 at p. 1). Yet Toshiba cited to only one phrase in that case, where the Federal Circuit stated that, "Absent the knowledge and affirmative act of encouragement, no party could be charged with inducement." *DataTern, Inc.*, 755 F.3d at 904. Toshiba does not quote the next few lines: "Certainly it is not the case that definitive proof must exist that would establish each element. But, to establish a substantial controversy regarding inducement, there must be allegations by the patentee or other record evidence that establish at least a reasonable potential that such a claim could be brought."[4] *Id.* at 905

Toshiba discusses the allegations in the complaint and then states, "Neither of these allegations show that Toshiba encouraged the importation of the accused products into the United States by third parties." (D.I. 718 at pp. 9-10). What Plaintiffs can "show" is irrelevant at this point. Plaintiffs need only set forth a basis for the court to make a "reasonable inference in favor of the non-moving party." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1340 (Fed. Cir. 2012). They have done so.

Lastly, Toshiba argues that both inducement claims fail because Plaintiffs failed to plead specific intent. I disagree.[5] Plaintiffs allege that acts such as creating advertisements, creating established distribution channels, manufacturing the products in accordance with U.S. law, distributing manuals, and providing technical support all evidence specific intent. (D.I. 427 ¶ 219). This is enough at the pleadings stage.

Defendants' Motion for Judgment on the Pleadings Under Fed. R. Civ. P. 12(c) on Indirect Infringement (D.I. 717) is **DENIED**.

---

[4] *DataTern* is irrelevant. It deals with the case or controversy requirement for a declaratory judgment. It does nothing to change, modify, or elucidate the law related to induced infringement.
[5] Even if I were to agree, Toshiba waived this as a pleading argument by answering the complaint.

4

Entered this 9th day of September, 2014.

_Richard G. Andrews_
United States District Judge