IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HSM PORTFOLIO LLC, et al., : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Civil Action No. 11-770-RGA |
| : | |
| ELPIDA MEMORY INC., et al., : | |
| : | |
| Defendants. : | |

**MEMORANDUM ORDER**

Before the Court are three "motions to exclude." (D.I. 1041, 1045, 1050). They are fully briefed. For the reasons stated below, they will be mostly **DENIED**.

These motions purport to be *Daubert* motions. Federal Rule of Evidence 702 states:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

The Court of Appeals has explained:

Rule 702 embodies a trilogy of restrictions on expert testimony: qualification, reliability and fit. Qualification refers to the requirement that the witness possess specialized expertise. We have interpreted this requirement liberally, holding that "a broad range of knowledge, skills, and training qualify an expert." Secondly, the testimony must be reliable; it "must be based on the 'methods and procedures of science' rather than on 'subjective belief or unsupported speculation'; the expert must have 'good grounds' for his on her belief. In sum, *Daubert* holds that an inquiry into the reliability of scientific evidence under Rule 702 requires a determination as to its scientific validity." Finally, Rule 702 requires that the expert testimony must fit the issues in the case. In other words, the expert's testimony must be relevant for the purposes of the case and must assist the trier of fact. The Supreme Court explained in *Daubert* that "Rule 702's 'helpfulness' standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility."

> By means of a so-called "*Daubert* hearing," the district court acts as a gatekeeper, preventing opinion testimony that does not meet the requirements of qualification, reliability and fit from reaching the jury. *See Daubert* ("Faced with a proffer of expert scientific testimony, then, the trial judge must determine at the outset, pursuant to Rule 104(a) [of the Federal Rules of Evidence] whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue.").

*Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 404-05 (3d Cir. 2003).[1]

All three motions have been filed by Plaintiffs.

The first seeks to exclude "portions" of Green's damages report, in particular, his "market share reasonable royalty analysis." The patents-in-suit have been licensed many times, and there appears to be agreement that licenses to Samsung, SK Hynix, and ProMOS are comparable licenses. (D.I. 1120, p.3). There are complications because the licenses are worldwide licenses and market shares of the relevant products in the United States likely differ. There are other differences that Plaintiffs argue are relevant. In my opinion, these are disputes over what the underlying facts are. Nevertheless, Green is purporting to use these admittedly comparable licenses, accounting for the differences that he considers to be significant, to reach a reasonable royalty. I believe the objections Plaintiffs raise are not "methodological" objections in the *Daubert* sense, and Plaintiffs' criticism of Green's analysis can be brought out on cross-examination. Thus, the motion to exclude portions of Green's report (D.I. 1041) is **DENIED**.

The second seeks to exclude "portions" of Walker's invalidity report. The portions are the obviousness analysis for all patents, and the written description analysis for two patents. Plaintiffs state, citing various summary paragraphs (D.I. 1046, p.5), that Walker does not consider the claims as a whole. I think Plaintiffs actually do have to consider Walker's analysis

---

[1] The Court of Appeals wrote under an earlier version of Rule 702, but the recent amendments to it were not intended to make any substantive change.

as a whole, which includes why POSITAs would be motivated to combine various references, which analyses are sprinkled throughout the obviousness sections of Walker's report. Plaintiffs also argue that the report, in connection with the '853 patent, suffers from "hindsight bias." Walker's report says that $K$ can be calculated in Heinbuch, and that $K$ in Heinbuch meets the claim limitation. (D.I. 1079-1 at 38, ¶ 95). I do not see that as "hindsight bias." Plaintiffs further argue that Walker's analysis is a "thinly-veiled 'practicing the prior art' defense." Plaintiffs says that is "essentially" or "effectively" what he is doing, which I take to be a concession that he is not actually doing that. Plaintiffs make a clearer argument in their reply brief, but Plaintiffs cannot win based on that tactic. I think there is agreement that Walker can do an analysis based on Plaintiffs' assertion of claim scope, but Walker cannot merely assume (if that is what he has done for the references other than Steele) that the "prior art had a negligible interconnect length." (D.I. 1118, p.8). Thus, I am going to deny the motion on this issue, but explicitly without prejudice to its being raised again. Finally, there is a written description argument, based on the inclusion of a footnote in the reply report that is said to have the lawyers' erroneous view of what is required by the written description requirement. (D.I. 1079-3 at 23 n.11). The fact that some associate added in some incorrect legal citations does not make Walker's methodology or opinions, which are explicitly based on a correct standard throughout the text, inadmissible. Thus, the motion to exclude portions of Walker's invalidity report (D.I. 1045) are **DENIED**.

The third seeks to exclude "portions" of Walker's non-infringement report. (D.I. 1050). Half of this motion has been mooted by Micron's concession. (D.I. 1080, p.1 n.1). The other half seeks to exclude the Micron's "practicing the prior art" defense as it relates to the '853 patent. Since the Court has granted summary judgment of non-infringement for the '853 patent,

this half of the motion is also moot. Therefore, the motion to exclude "portions" of Walker's non-infringement report (D.I. 1050) is **DISMISSED AS MOOT**.

/s/ Richard G. Andrews
United States District Judge

February 11, 2016
Wilmington, Delaware